OPINION of the Court, by
Judge Owsiey.
-Ded-man according- to the act of 1809 regulating proceed-mgs in cases oí iorciblc entries or detainers, sued out from a justice of the peace a Warrant for a forcible entry ant^ drainer against Smith and Ferguson. The jury on the inquest found Smith, &c. guilty of the forcible en-try and detainer; and they by a traverse brought the ca,fse before the Montgomery circuit court,
Dedman, after joining issue to the traverse, upon motion obtained an order of the court discharging the traverse, and also a judgment of restitution. From which judgment Smith and Ferguson appealed to this court, *193 Whcfc the judgment of that court in awarding restitution was reversed, the order discharging the traverse set aside, and a trial directed to be had on the issue joined.
The cause having returned to the circuit court, a trial was accordingly there had on the issue, and a verdict found in favor of Dedmap, and restitution again awarded against Smith and Ferguson : to reverse which judgment they have again appealed to this court.
By the assignment of errors various objections are taken. Such of them, however, as question the regularity of the proceedings' prior to the joining of the issue to the traverse, will not be noticed or inquired into in de-tevmining the present contest. Those objections were presented for consideration when this canse was formerly before this court; and although they were not then taken up in detail and discussed in the former opinion which was then delivered, they did not escape the atiention of the court, hut were considered as being overruled by the order then made directing the proceedings again to commence in the court below by proceeding to .try the issue joined to the traverse.
On the trial of the issue Smith and Ferguson were prevented by the opinion of that court from going into evidence for the purpose of proving a right of entry in the land ; and whether such evidence was, or was not admissible, is the only inquiry presented for determination in this cause.
That it was not admissible, we have no doubt. The right of entry can in no possible point of view be involved in the issue. Smith and Ferguson may have had the right of entry, and yet have been guilty of a forcible entry, for which restitution should be awarded : for the act under which these proceedings appear to have been had, expressly interdicts every forcible entry, whether with or without right; and provides in all such cases for the restitution. The object of the act appears peculiarly to have been to guard the possession against every description of force, and to compel the person having right, to resort to the authority of law to obtain the possession.
Whether, therefore, the complaining party was possessed of the premises in fact, and whether that possession was disturbed by a forcible and de *194 tained, were the only inquiries proper before thejury; an:^ ^lC C0U1‘t properly rejected the evidence attempted to be produced as to the right.
judgment'affirmed with costs.