HUNT.
*vs.*
WILSON.

---

FORCIBLE EN-
TRY, &C.

Case 13.

## Hunt *vs.* Wilson.

### ERROR TO FLEMING CIRCUIT.

1. The only legitimate inquiry on the trial of a writ for forcible entry and detainer, is whether the defendant entered upon land, which at the time of the entry was in the actual possession of the plaintiff. The defendant cannot justify an entry in such case by showing title or right of entry. (4 *Bibb*, 192–313.)
2. The object of the statute is to compel parties to inforce their legal rights by process of law, not by strong hands at their discretion.

June 23.

Chief Justice HISE delivered the opinion of the court.

Case stated.

Uel Hunt on the 12th of August, 1850, sued out a writ against Rebecca Wilson, Sr. and Rebecca Wilson, Jr., for a forcible entry upon certain land then and theretofore in his possession. The inquisition on the premises, resulted in a verdict of the jury, that the defendants in the writ were guilty of the forcible entry complained of, and a judgment for restitution and for costs. was given against them. The Miss Wilsons traversed this inquest, gave the bond as required by law, and carried the case to the circuit court, and upon the trial in that court, the jury found, by their

verdict, that the inquisition was not true, and thereupon a judgment was given by the circuit court in favor of the Miss Wilsons for their costs; and Hunt has brought the case up to this court, and demands a reversal of the judgment against him, because of the error committed by the circuit judge, to his prejudice, in refusing to give him a new trial. Although the finding of the jury, as alledged, was contrary to law, and unsupported by the testimony, and although the court had erroneously refused to instruct the jury as requested by the plaintiff in the writ, and had misdirected them by other instructions, which were given, the proof in the cause seems to present the following state of fact: That in the winter or spring of 1849, Hunt, the plaintiff in the writ, in fact forcibly entered upon the land, which had theretofore for a long time been claimed, occupied, and possessed by the Miss Wilsons, who resided upon their tract, the boundary of which embraced the land in dispute; that Hunt thus having ousted the defendants of their possession, held this land, and cultivated the same in the year 1849. The defendants, without resorting to the remedy provided by the statute for such cases, in the winter or spring of 1850, removed the fence farther up the creek, and entered upon, and afterwards put in cultivation, a part of the same ground, which Hunt had previously cultivated in the year 1849. Hunt attempted to re-set the fence at the place where it had been built by him, but the Miss Wilsons set it back again, and sowed the ground in oats in 1850. So it seems that Hunt first, early in 1849, violently enters upon the land occupied by the Miss Wilsons, and the Miss Wilsons then, early in 1850, enter upon the same land and resume its possession whilst it was occupied by Hunt, or at least it does not appear that he had abandoned the possession which he acquired by his unauthorized and forcible entry early in 1849, and then Hunt sues out his writ. Upon this state of fact being proven in substance upon the trial in the circuit court, Hunt's attorney asked the court to in-

struct the jury, "that if they believed from the evidence, that the plaintiff (Hunt,) was in possession of the land before the suing out of the warrant, and the defendants (the Wilsons,) entered upon the land and took possession against the consent of the plaintiff, they must find the inquisition to be true." The court apprehending that this instruction would mislead the jury if given without any qualification, refused it, but instructed them, "that if the Wilsons had been in possession of the land before Hunt entered upon it, fenced it in, and made a crop upon it in 1849, and that they (the Wilsons,) got possession again peaceably after that time, and before Hunt's possession had been continued for two whole years, that in such case Hunt could not recover.

Upon the facts stated, as collected from the proof, it is the opinion of this court, that the circuit judge erred in refusing the instruction as asked, and in giving the instruction as stated. He seemed to be of the opinion, that the previous forcible entry of Hunt upon the land occupied by the Wilsons, could be relied upon as a bar to this proceeding, when instituted by Hunt for a subsequent forcible entry by the Wilsons within two years upon the same land, or in other words, that the Wilsons in such case had lawful authority to re-enter upon the possession of Hunt *peaceably*, though without his consent, if such re-entry was made within two years after the forcible entry of Hunt. Such is not the law as enacted by the act of 1810, by which this remedy is provided, and this proceeding regulated, and as hitherto ruled by this court.

The only legitimate inquiry upon a warrant for a forcible entry by the defendants upon the land occupied by the plaintiff, is whether the defendants entered upon the land, which at the time of such entry was in the actual possession of the plaintiff, and the defendants cannot justify such entry, or avoid a recovery in this proceeding in such case, by showing that they have a good title to the land, or that they held the right of entry as settled by this court in the

1. The only legitimate inquiry on the trial of a writ for forcible entry and detainer, is whether the defendant entered upon land which at the time of the entry was in the

opinions delivered in the cases of *Smith v. Dedman*, and *Beauchamp v. Morris*, reported in *4th Bibb*; and other cases that might be cited. By the 17th section of the act of 1810, it is provided expressly, that "the forcible entry intended by the act is, and shall be, an entry, with or without multitude of people, against the will or without the assent of the person or persons, who at the time of such entry, have the possession in fact of the premises into which such entry may be made.

The object of this act is evidently to furnish a remedy in all cases where one with or without title to the land, or with or without a right of entry, enters upon land actually possessed by another, although the latter may have acquired such possession without either title to the land, or any right of entry at the time such possession was acquired; or in other words, the object was that a party out of possession, having title to land, and a legal right to have entry upon it, should not be allowed to enforce his claim and right by the strong hand, but that he should first establish his right by a resort to the appropriate tribunal, and be restored to his possession by legal process. This purpose would be defeated, and the policy of the law frustrated, if a party, though having the title and right of entry, should be allowed to enter forcibly upon the land in the actual possession of an occupant, who may, though without right, have acquired such possession.

Wherefore, as the instruction given by the court should have been withheld, as the instruction as asked by the plaintiff should have been given, and because the motion of the plaintiff for a new trial was erroneously overruled, the judgment is reversed, and cause remanded for further proceeedings in conformity with this opinion.

2. The object of the statute is to compel parties to enforce their legal rights by process of law; not by strong hands at their discretion.