McCartney v. Hunt et al.

FRANCIS McCARTNEY, Appellant, *v.* ELISHA HUNT *et al.,*
Appellees.

### APPEAL FROM PIKE.

Where a party, the proprietor of land, obtains possession by collusion with the tenant of another, the lessor will recover possession by forcible entry and detainer, whether he is entitled to retain such possession or not. The proprietor only holds in the capacity of the person with whom he colluded.

THIS was a bill in chancery in the court below, filed by the appellant against Hunt and others for an injunction.

The bill alleges that the complainant, on the 27th day of December, A. D. 1850, purchased of Jesse Delano and the heirs

of Ganet Sickles, the south-east quarter of section nineteen, township four south, range five west, fourth parallel meridian, who were the owners of said land in fee simple; that said land had been owned by said persons, previous to complainant's purchase, for a number of years, during the most of which time it had been vacant and unoccupied; that he had paid one thousand dollars for said land, and took a warranty deed for the same; that at the time of said purchase, the title of said persons from whom he purchased was perfect; that there was no conflicting or adverse title of any description, claimed by any other person to said land. Bill further alleges, however, that at the time of said purchase of said premises above stated, Hunt (one of the defendants) had an improvement on a part of said land, and was in possession thereof by a tenant who was occupying the same, but that said Hunt did not, nor had he at any time claimed or pretended to have any title to said land, or any interest therein, except as owner of said improvements, and that said Hunt was an intruder thereon. That after the purchase by complainant of said land and receiving his deed therefor, the tenants of said Hunt in possession of said land, upon notice being served upon them for that purpose, surrendered the possession of said premises to complainant, and complainant received possession thereof from said tenants, and has ever since been in the occupation of said land. That complainant, as owner, has made valuable improvements upon said land, and as a farmer is now dependent thereon, has growing crops thereon, etc. Bill further alleges, that Hunt has commenced actions of forcible entry and detainer against complainant for the possession of said land, having neither right, title or claim of either thereto, but basing his right to recover upon the fact, that the possession thereof had been derived from the tenants of said Hunt by complainant, and that complainant was estopped thereby from setting up his title, or disputing the title of said Hunt; that upon said grounds said Hunt had recovered judgment before a justice of the peace, which complainant had appealed to the circuit court, where it is now pending; that complainant had been advised that he could not set up his legal title in defense of said suits, that his remedy was equitable, etc. Bill alleges, that if complainant is turned out of possession he will suffer great and irreparable damage thereby, and that the legal remedy which might be accorded him against the said Hunt for *mesne profits*, would be wholly inadequate, etc., etc. Bill prays for injunctions restraining said suits, and that they be made perpetual.

Injunctions issued upon the filing of the bill, which were at the November term, A. D. 1853, Walker, Judge, presiding, dissolved, upon the ground of want of equity on the face of the

bill and the bill dismissed. Complainant appealed, and now assigns for error the decree of said court, dissolving said injunctions and dismissing said bill.

HIGBEE and HAY, for Appellant.

W. A. and J. GRIMSHAW, for Appellees.

CATON, J. The bill in this suit shows that the complainant purchased the premises in question, of which the defendant, his tenant, was in possession, without title, and that the complainant prevailed upon the tenant to yield up the possession to him. The defendant then brought forcible entry and detainer to regain the possession, and in that action obtained a judgment; and this bill prays that the defendant may be enjoined from prosecuting that action further, and obtaining the possession. Upon the case made by the bill, there can be no doubt that the defendant was entitled to recover in the action at law. The statute as construed by this court in several cases, expressly provides that he shall recover the possession in such a case, whether he be entitled to retain it or not. Although the complainant, by virtue of his legal title to the land, was entitled to the possession of it, as against the defendant who had no right there, except his bare possession, yet it is not consistent with the policy of the law, to allow the legal owner to right himself, and take possession of the land, either by open violence, or by secret intrigue with those who took the possession from the defendant. According to *Ballance* v. *Fortier*, 3 Gilman, 291, by procuring the possession from the tenant of the defendant, he but stepped into the tenant's shoes, and must hold the possession in the same capacity as did the tenant, to whose rights alone he succeeded. He could no more set up a paramount title for the purpose of retaining the possession thus acquired, than the tenant from whom he received the possession could have done. Such is acknowledged to be the law, the policy of which is very manifest. It is to prevent any party from tampering with a tenant, to whom the possession of land has been confided. It is to prevent a tenant from betraying the rights and interests of the landlord from whom he obtained the possession. The law will compel the tenant to act in good faith towards his landlord. None of the principles of equity upon which the complainant relies, when properly understood, give countenance to the case made by this bill. The complainant has no right which is incapable of being asserted in a court of law. As the owner of the land, he had a right to acquire the possession in the mode provided by law, and that right he could have asserted in that

court, but he had no right to acquire that possession in an unlawful mode, either by violence or fraud. Suppose the complainant, instead of tampering with the tenant, and getting the possession from him peaceably, had entered with a strong hand and ejected the defendant violently? Could it be pretended for a moment, that a court of equity would protect him in the possession thus violently obtained? The complainant has no right there till he has restored to the defendant what he has illegally taken from him. When he has done that, he will be in a position to assert his rights in a court of law. The defendant has no unfair legal advantage of the plaintiff. It is the latter who has sought to obtain an unfair advantage of the former,—unfair, because illegal and directly against the policy of the law. Were we to sustain this bill, we should absorb the whole jurisdiction of the courts of law in ejectment cases. Nay more, we should say to every body, you may go on without trial, without process, without law, and by fraud or violence, thrust yourself into the possession of any land you think your own, which is in the possession of another, and if the courts of law attempt to disturb you in the enjoyment of the possession thus illegally acquired, we will investigate your title, and if we shall be of opinion that you would have recovered the possession at law, which you have taken in violation of law, we will protect you there in despite of the courts of law, and in defiance of the express provisions of the statute. The complainant has shown himself the first aggressor. He does not come here with clean hands, and is very clearly not entitled to relief.

The decree of the circuit court must be affirmed.

*Decree affirmed.*