<table>
<tr><td>24</td><td>107</td></tr>
<tr><td>39a</td><td>194</td></tr>
<tr><td>24</td><td>107</td></tr>
<tr><td>48a</td><td>156</td></tr>
</table>

KREVET, Respondent, v. MEYER *et al.*, Appellants.

1. A tenant may maintain an action of forcible entry and detainer against his landlord, although at the time of the said entry the tenant may have been holding over after the determination of his term.

*Appeal from St. Louis Land Court.*

This was an action of forcible entry and detainer. The evidence tended to show that the defendants entered certain rooms upon the third floor of a house in the city of St. Louis, which rooms were at the time in the possession of plaintiff, and removed a door belonging to said rooms, and the sash of the windows of said apartments, and thus forced plaintiff out of possession. Defendants offered to prove that the premises in dis-

pute had been let to plaintiff for only one month (which term expired before the alleged forcible entry) by Bernard Meyer, one of the defendants, as agent of Joseph Meyer, the other defendant. The court excluded his testimony. The court, among other instructions asked by defendants, excluded the following : " 1. The jury are instructed that if they believe from the evidence that before and at the time of the institution of this suit, plaintiff's right of possession to the premises sued for had ceased, they might find for defendants ; and the jury are further instructed that a tenant's right of possession ceases with the expiration of the term of his lease, unless there be a renewal or a consent of the landlord to the tenant's holding over. 2. The jury are instructed that, to find for the plaintiff, they must believe from the evidence that at the time of the institution of this suit plaintiff was entitled to the lawful possession of the premises sued for, and that defendants unlawfully and forcibly entered thereon. 3. The jury are instructed that if a tenant is disturbed in his possession by a landlord, he has an action of trespass, and a verdict in this suit against plaintiff is no bar to his recovery in action of trespass against defendants for such disturbance of his possession. 4. If the jury believe from the evidence that plaintiff was tenant of defendants ; that by the act of defendants the premises occupied were rendered uninhabitable, it was at defendants' option to abandon the possession ; and if he so elected, and his abandonment of the possession was because the premises were uninhabitable, and not because of violence done, or fear of violence on the part of the defendants, the jury must find for the defendants."

The jury rendered a verdict for plaintiff.

*A. J. P. Garesché*, for appellant.

I. The instructions asked by defendants should have been given ; the first three as raising the question whether plaintiff was, at the time of the institution of this suit, *lawfully* entitled to the possession of the premises sued for. The fourth instruction should have been given, because it was a question whether it was a case of trespass or of forcible entry and detainer.

(See 6 Mo. 346 ; 7 Mo. 167, 171, 289 ; 8 Mo. 281 ; 11 Mo. 354, 605 ; 12 Mo. 306 ; 13 B. Mon. 184 ; 9 Mo. 301.)

II. Though title can not be considered, the legality or illegality of possession may, and defendants therefore had the right to show that plaintiff's right of possession had ceased.

*S. H. Gardner*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

By the common law, a person having a right of entry to lands in the possession of another might enter into the possession, and although he was subject to an indictment for any breach of the peace committed in making his entry, yet there was no remedy provided by which he could be compelled to make restitution of the possession thus forcibly taken. In order to correct the evils attending this state of the law, and to take away all inducement to persons to redress themselves at the expense of the peace of the community, several statutes were made which prohibited the forcible entry on the possession of another, and directed that, in the event force was found, restoration of the possession should be made to the party who was forcibly ejected. In the construction of these statutes, all attempts to prevent restoration, by showing that the person guilty of the force had a right of entry, were steadily resisted. Upon the force being found restitution followed as a matter of course, without any regard to the right of the party by whom it had been committed. This was done that men might learn to appeal to the law for injuries done them, and not undertake the redress of their own wrongs. (1 Hawk. P. C. 495, 508.)

In the case of the People v. Leonard, (11 Johns. 508,) which was an indictment under the statute against forcible entries, in answer to the point that the title was in question, the court said, the complainant has nothing to do with that. He must give up the possession irregularly obtained, put the defendant *in statu quo*, and then proceed legally to the question of title. In the case of Chiles v. Stephens, (3 Marshall,

8—VOL. XXIV.

341,) it was held that in warrants for forcible entry and de-- tainer, the right of entry.is not in issue ; nothing but the ac- tual possession can be tried ; and it is immaterial how that possession was gained. If the tenant holds over, the landlord can not enter against his consent, but must resort to his war- rant. A possession gained by disseizin will not prevent the disseizor from maintaining his warrant against another having a right of entry, but who enters on his possession without his assent. These cases are not cited as authorities, for we know that they are founded on statutes different from that in force in this state. The object in producing them is to show that the principle on which this proceeding is founded is not novel ; that it prevailed in England and in sister states. That prin- ciple is, that persons shall not take the law into their own hands, but shall assert their rights by action in a peaceable manner and not by force.

It is clear that our statute concerning forcible entries and unlawful detainers was designed to enforce this principle, and to compel its observance by restitution as the only proper remedy, without regard to the rights of the party guilty of the force. The use of the words, "lawfully possessed," in the sixteenth section of the act, is the only thing that throws any doubt upon the subject. But it is obvious, from the tenor of the act, that the word *lawfully* means nothing more than *peaceably ;* otherwise the remedy provided would be nothing more than an ejectment. Besides, the 26th section of the same act directs that the merits of the title shall in nowise be inquired into on any complaint which shall be exhibited by virtue of this act. The second section clearly prohibits a forcible entry without regard to the right of the party making it. If the plaintiff must show right to the possession, then every tenant holding over is at the mercy of his landlord, and, with whatever vio- lence he may be expelled, the act would afford him no redress.

If the case is as stated by the defendants, that the plaintiff had no right to the possession, it is a great mistake to suppose that he could maintain an action of trespass against them for

their entry, they having a right of entry. A person having a right may make a peaceable entry. If he enter with force he may be punished for the force; but the common law afforded no means by which his possession could be disturbed. At common law there was no civil remedy against a person who entered forcibly, having right. (Taunton v. Castor, 7 Term, 43.)

These views render unnecessary any remarks on the instructions refused or given. There was no error in them. Judge Ryland concurring, the judgment is affirmed.