JOHN CROFF, Appellant, *v.* WILLIAM BALLINGER, Appellee.

APPEAL FROM HANCOCK.

To constitute forcible entry and detainer, violence is not essential. If the entry is made against the will of another, the entry is *forcible* in legal contemplation.

A party may prove his own declarations, made at the time of an act done, explanatory of his motives or intentions, as to show the dissent or opposition of one party to the entry of another upon his premises, against his will.

THIS was an action originally commenced by the appellee against the appellant, before a justice of the peace of Hancock county, under the statute relative to forcible entry and detainer, and removed to the circuit court of said county by appeal.

Croff *v.* Ballinger.

The complaint upon which the suit was commenced is as follows :

STATE OF ILLINOIS, {
HANCOCK COUNTY. } ss.

*To John Barnes, a Justice of the Peace in and for the County of Hancock :*

William Ballinger, being duly sworn, deposes and says, that on the 1st day of March, A. D. 1855, he was in the peaceable and quiet possession of the following described real estate, situate in Hancock, Illinois, to wit: The brick dwelling house situate on the south side of the northeast quarter of section thirty-two, in township seven north, of range eight west, in Hancock county, Illinois; also all that portion of said quarter section lying south of said house, which has been plowed in the spring of 1855, being about one-half an acre; and being so in peaceable possession, one John Croff did, on or about the 9th day of April, 1855, make an entry into said tenements and possessions, by force and without the consent of affiant, who was and that is entitled to the possession of the above said premises and possessions, viz.: by moving into and taking possession of the second story of said brick house and the land lying immediately in front of said house on said quarter section; and that said Croff refuses to surrender possession of the same to affiant, after demand made in writing for possession thereof, by affiant, who is entitled to the possession of the same, but unlawfully withholds said premises and possessions as aforesaid from affiant; and further deponent saith not.

[Signed]　　　WILLIAM BALLINGER.

Subscribed and sworn to before me, this 10th day of May, 1855.

[Signed]　　　JOHN BARNES, J. P.

It was admitted that Ballinger had made a written demand on Croff, to surrender the premises, before the commencement of the action.

The jury found a verdict for Ballinger.

Croff moved for a new trial.

The court overruled said motion and Croff excepted.

The court thereupon gave judgment upon said verdict for said Ballinger.

The errors assigned are,

1. That the court permitted Ballinger to ask the witness, Mrs. Dusenbury, to " state what she heard him say about Croff moving into the house at the time he was moving his things into the same."

2. That the court refused to withdraw the answer of said witness to said question, when moved so to do by Croff.

3. That the court gave to the jury the instructions asked for by Ballinger.

4. That the court overruled said Croff's motion for a new trial.

5. That the court rendered final judgment for Ballinger when the same ought to have been for Croff.

WHEAT and GROVER, for Appellant.

O. H. BROWNING and G. EDMUNDS, for Appellee.

SKINNER, J.   Forcible entry and detainer, by Ballinger against Croff.

The evidence substantially shows that Ballinger was in the actual possession of the premises described in the complaint, being a residence and grounds occupied by him; that Croff went there with his family and household goods, and commenced unloading his goods and moving them into the house; that Ballinger then forbade him doing so, but made no demonstrations of forcible resistance ; and that Croff took possession of a portion of the house, and held it after demand in writing therefor made by Ballinger.

The jury found Croff guilty of forcible entry and detainer, and the court refused a new trial.

The court permitted Ballinger, against the objection of Croff, to prove his own declarations, made at the time Croff was moving into the house, tending to show that the entry was made against his will.

The court, on the part of Ballinger, instructed the jury as follows :

"No. 1. If the jury believe, from the evidence, that the plaintiff was in the actual possession of the premises sued for, on the 9th of April, 1855, and that on that day the defendant, against the will and without the consent of the plaintiff, intruded into said premises; and if they believe, from the evidence, that before the commencement of this suit the plaintiff made a written demand upon the defendant to surrender said possession, and that said defendant still holds said possession against said plaintiff, that then they will find a verdict for the plaintiff.

" No. 2. If the jury believe, from the evidence, that the plaintiff was in the peaceable possession of the premises sued for, and that while he was so in possession, the defendant, without his consent and against his will, at the time expressed, entered upon said possession and withholds said possession from the plaintiff; and if they further believe, from the evidence, that, before the commencement of this suit, the plaintiff made a written demand upon the defendant for the possession of said premises, that they will find a verdict for the plaintiff.

"No. 3. That in order to constitute a forcible entry, it is not necessary that actual violence should be used, but that any entry upon the possessions of another, without his consent and against his will, is a forcible entry within the meaning of the law: *Provided*, The entry be made in such manner as to induce the belief that a resistance thereto would result in violence."

Croff excepted, and assigns for error the several rulings of the court indicated.

The jury were justified, from the evidence, in finding Croff guilty, and the instructions are substantially correct.

To constitute forcible entry and detainer, under our statute, it is not essential that the entry be made with *strong hand*, or be accompanied with acts of actual force or violence, either against person or property. If one enters into the possessions of another against the will of him whose possession is invaded, however quietly he may do so, the entry is forcible in legal contemplation.

The word *force*, in our statute, means no more than the term *vi et armis* does at common law, that is, with either actual or implied force. If A. wrongfully enters into the possessions of B., although with the least possible manual force, in consideration of law the entry is forcible, and the remedy for the trespass, or wrong, is as complete as if A. had made the entry with actual force and violence, overpowering by *strong hand* all resistance. 1 Chitty's Pl. 125, 126 and 166. A party may prove his own declarations made at the time of an act done, illustrative of his intention, or of the motive which actuated him. The declarations of dissent or opposition of Ballinger to the entry made on the occasion of the entry, were proper, in connection with the whole evidence, for the consideration of the jury to enable them to determine whether the entry was made against the will of Ballinger; and, as a part of the *res gestæ*, he might prove them. 1 Gil. R. 127; 15 Ill. R. 514; ibid. 442; 4 Scam. R. 558; 2 ibid. 347.

*Judgment affirmed.*