# JOHN C. SMITH
## *v.*
## JOHN B. HOAG.

1. FORCIBLE ENTRY AND DETAINER — *title not in issue.* The question of title cannot be tried in an action of forcible entry and detainer. Deeds may, however, be read in evidence to show the extent of possession.

2. SAME — *extent of force.* Under our statute of forcible entry and detainer, actual violence, amounting to a breach of the peace, is not necessary in any case.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN S. THOMPSON, Judge, presiding.

This was an action of forcible entry and detainer originally brought by John B. Hoag, the appellee, against John C. Smith, the appellant, before a justice of the peace, and taken to the Circuit Court of Mercer county by appeal.

The defendant was found guilty as charged in the complaint.

A motion for a new trial was overruled, and judgment rendered upon the verdict.

The defendant brings the case to this court by appeal.

Messrs. GLOVER, COOK & CAMPBELL, for the appellant.

Messrs. GOUDY & CHANDLER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is insisted, that in this case the entry was not forcible, because Scott, the landlord of appellant, was the owner, and had the right to enter; that the owner may use all necessary force to make an entry, unless he commits a breach of the peace. Even if the proposition were true, it does not appear that he owned the fee. It only appears that he held a deed for the land, and, at most, traces title back to Ketchum. Whether he held title or not does not appear, nor could it be proved in this form of action for the purpose of procuring a recovery, although deeds may read in evidence for the purpose of showing the extent of his possession. *Brooks* v. *Bruyn*, 18 Ill. 539; *Johnson* v. *Baker*, 38 id. 98; *McCartney* v. *Mc-Mullen*, id. 237. Under our statute of forcible entry, actual violence, amounting to a breach of the peace, is not necessary in any case. Force and violence, short of a breach of the peace, is sufficient where the entry is required to be forcible. *Atkinson* v. *Lester*, 1 Scam. 407; *Croff* v. *Ballinger*, 18 Ill. 200. In this latter case it was said the word "force," as used in our statute, means no more than the term *vi et armis*, that is, with either actual or constructive force. While an action may be maintained where there has been a forcible entry involving a breach of the peace, still it could be maintained, although the force was less in character.

At the common law it was different, as there it was attended with a fine on indictment or on complaint before a justice of the peace. Our statute has given a more comprehensive remedy, and hence in no case is the entry required to be accompanied by a riot or other breach of the peace.

In this case, from a careful examination of all of the evidence in the record, we are of the opinion that the jury were warranted in the conclusion at which they arrived in finding their verdict. We think that it shows a prior possession of

appellee of the premises, and that it was forcibly invaded by appellant. If he was the owner, as he claims, his remedy was by ejectment, as title cannot be tried in this proceeding.

Appellant's counsel, in their argument, insist that the court erred in giving the ninth and tenth of appellee's instructions. An examination of the testimony shows, that there was evidence introduced tending to show an abandonment of the prior possession. The evidence tended to show that when appellee entered, there was no person occupying the premises, and that the house and fencing had been removed, and to all appearances the premises were vacant and unoccupied. If the possession was abandoned, then appellee invaded the possession of no person. And whether wrongful or not, it seems to have been under claim of right, and being so possessed, the true owner could not make a forcible entry upon him. It became an important question whether Scott, if previously in possession, had abandoned it. If he did, then appellee did not make a forcible entry upon his possession. These instructions, therefore, left that question properly to the jury. For the same reason, the modification of appellant's instructions was proper. The modification left that question to the jury. No error is perceived in the record for which the judgment should be reversed, and it is therefore affirmed.

*Judgment affirmed.*