## JONATHAN C. GREELEY, APPELLANT, vs. LEONIDAS W. SPRATT, APPELLEE.

1. In proceedings under the act relating to forcible entry and detainer, upon a complaint for a forcible entry and withholding, the peaceable possession of complainant and the entry by force by the defendant and putting and keeping complainant out and damages therefor, are the questions in issue.

2. The law forbids a *forcible* entry whether defendant has title or right of possession or not ; in this proceeding there can be no inquiry into the title. If the party entering has a right to the possession and another is in peaceable possession the party having the right must resort to the law to obtain it, unless he can do so without force and in a peaceable, open manner.

3. Testimony showing that plaintiff had been in possession of a room for several weeks occupying it as an office with his library and furniture, and that his property was, without his consent, in the night time, removed from the room by the defendant's directions, and plaintiff was by force prevented by defendant's servant from re-entering, and another person was put by defendant in possession as a tenant, is sufficient to sustain a complaint for forcible entry and unlawful detainer ; and the complaint having been filed within a few days after such ejection and occupancy by the tenant, such facts afford presumptive evidence upon which the jury are authorized to find that the defendant continued to hold possession against plaintiff at the time of filing the complaint, there being nothing to show that defendant or his tenant ceased to occupy the premises so taken possession of.

4. When the plaintiff had peaceably occupied premises for several weeks and is dispossessed by force without process of law by defendant, it is not material, in a proceeding for forcible entry and detainer, whether the plaintiff was originally a trespasser or that defendant may have a legal right to the possession. The gist of the proceeding under the statute is the forcible entry and ousting plaintiff from a peaceable possession contrary to law.

5. In estimating damages for the wrongful dispossession and withholding of premises under the forcible entry and unlawful detainer act, the jury may take into consideration the rental value of the premises.

6. Where there are conflicting statements of witnesses the jury must determine the facts from a fair consideration of the whole testimony.

Appeal from the Circuit Court for Duval county.
The facts of the case are stated in the opinion.

*Geo. Wheaton Deans* for Appellant.

*Cockrell & Walker* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

. This was a proceeding under the statute relating to forcible entry and unlawful detainer. The complaint was made by Spratt " that Jonathan C. Greeley hath forcibly turned him out of and unlawfully and against his consent withholds from him the possession of a certain room, to-wit: the room in the three-story brick building situate in the city of Jacksonville in said county at the southwest corner of Pine and Forsyth streets immediately to the right of the stair-case leading to the third story of said building," and prays restitution and damages. The complaint was filed and summons issued August 3, 1880. The cause was tried in November, 1882, with a jury. Verdict for plaintiff in statutory form with damages assessed at $224. Defendant appeals from the judgment upon this verdict, a motion for a new trial having been denied.

Spratt testified that he took possession of the room in question about the first of July, 1880, as his own property to be used as a law office and put in his office furniture, table, chairs, desk, book-case and books, and was there several weeks. He left in the evening, having locked the door. Next morning he went to the office as usual and found his office furniture out ; found a colored man there and a white man, Warriner, taking the lock from the door. Was denied permission to enter. The rental value of the room

was about fifteen dollars per month. When he offered to open the door there was something said by parties inside. Witness said, " what does this mean ?" Don't recollect the words in reply, but understood from them that he could not come in without using force.

On cross-examination defendant's counsel asked the question, for the purpose of showing that Spratt was simply an intruder or trespasser, " by what means did you originally get possession of this room ?" The question was objected to as immaterial and the objection sustained, to which ruling defendant excepted.

Charles Warriner testified on behalf of plaintiff that he was a clerk for defendant, that defendant told him to put Brown in possession. Got a skeleton key and opened the room and put Spratt's goods in the hall. Refused to permit Spratt to enter and turned over the possession to Brown, the colored man. Was told by Mr. Greeley that Spratt was there and had no business there. Brown was put in possession in the evening. Next morning went and put a new lock on the door. Brown put his foot upon the door when Spratt tried to get in. Then informed Mr. Greeley what I had done, and he said he was satisfied. All I did was at the instance and direction of Greeley, who afterwards paid for the lock and key.

Brown testified that he rented the room from Mr. Greeley, but had not been able to get possession till that morning.

On the part of defendant Mr. Greeley testified that he never forcibly turned L. W. Spratt out of the room and never instructed any one to eject him. Rented the room to Brown and gave him the key in the summer of 1880. Never requested or instructed Warriner to assist Brown in taking possession. Previous to renting the room to Brown had never seen any one in possession. Witness had the

key and never gave it to any one else.  All he had to do with it or taking possession by Brown was that he rented it to Brown as the agent of the owners and gave the key to Brown.  Warriner reported to me that he had found some things in the room and put them out in the hall, and I do not recollect making any reply.

On cross-examination he said, I did not know that Spratt was in the room of my own knowledge ; Judge McLean told me that he was there.  It was the first I knew of Warriner's going to the room when he reported what he had done.

The Judge charged the jury that " the peaceable possession and the forcible entry are the questions. at issue.  The law forbids forcible entry, whether the party has title or not, and there can be no inquiry into the title of the property.  If the party entering has right to the possession he must resort to the authority of law to obtain such possession." This was excepted to by defendant.

The Judge charged further : " If the jury find from the evidence that the plaintiff was on or about the first day of July, 1880, in the possession of the room described in the complaint, using the same for his office, and that while so possessed the defendant, Greeley, by himself or his agent, instructed for that purpose, and whether said Greeley was present or not, by the use of a skeleton key opened the door and entered said room in the night time, and in the absence of the plaintiff, and turned out of said room the office furniture of said room so belonging to the plaintiff, and resisted the said plaintiff the next morning by closing the door upon him, and kept possession of said room until and at the exhibition of this complaint, then the jury must find for the plaintiff."

This was also excepted to by defendant.

Counsel for appellant assigns for error—1, that the ver-

dict was contrary to the evidence, and 2, that the amount of the damages is not warranted by the evidence.

It is contended that the testimony does not show that the defendant continued to hold the possession of the premises after the dispossession at the date of the complaint.

The complaint was filed August 3, 1880. The testimony of Mr. Spratt is that he went into possession about the first of July, 1880, and had possession several weeks when he was turned out as detailed. Mr. Greeley says he had rented the room to Brown. Warriner says that at the request of Greeley he put plaintiff's goods out of the room and put Brown in possession, and Brown was in possession at the time Spratt came there in the morning. Brown says he had not been able to get possession until that time. The testimony thus leaves Brown in possession, having been put there at Mr. Greeley's request. There is no testimony going to show that plaintiff has since then been in possession, or that Mr. Greeley has transferred it to any person.

The natural presumption is that defendant or his tenant remains in possession, in the absence of proof to the contrary. . If plaintiff has since had possession or the use of the property it was competent for the defendant to show it. The rental value is shown to be about fifteen dollars per month, and from July, 1880, to the time of the trial, November, 1882, about twenty-eight months, the rental value would be much more than $224, the amount of the verdict.

We think the jury were justified, if they believed Warriner's testimony, in finding that plaintiff had been put out of possession by defendant, and that defendant, by himself or his tenant, withheld from him the possession at the date of filing the complaint, which was very soon after the ejectment complained of.

The third ground of error is the ruling of the court in excluding the question by what means plaintiff obtained possession of the room, which question was asked for the purpose of showing that plaintiff was an intruder or trespasser. The statute provides that no person shall enter into lands or tenements but in case where entry is given by law, nor shall any person, where entry is given by law, enter with strong hand, but only in a peaceable, easy and open manner.

If any person shall enter in case where entry is not given by law, or shall enter any lands or tenements with strong hand, even in case where entry is given by law, the person turned out or deprived of possession by such unlawful or forcible entry, *by whatever right* or estate he held or claimed such possession, shall at any time within three years be entitled to the summary remedy provided.  Chap. 1630, Act of 1868.  The complaint was made under the provisions of this act.

It is not pretended that the plaintiff was a loafer or vagabond, intruding upon the house or premises of another in an unseemly or offensive manner, for the testimony shows that the plaintiff was peaceably occupying the room in question as a law office with his books and furniture when he was dispossessed by putting his property out in the night and forbidden to enter, and by force prevented from entering.

The statute contemplates that a party so having peaceable possession shall not be thus forcibly ejected even where entry is given by law; that is, where the right to enter and possess has been determined by law, but only in a " peaceable and open manner."  The right to enter, based upon a paramount title or interest, cannot be tried in this proceeding.

In the case of Gass vs. Newman, 1 Head, 136, the plaintiff in a proceeding like this, by an enclosure, had actual

possession of the land enclosed. The court says that whether or not such possession was a trespass upon the defendant is a question not material to the determination of the case. Admitting that it was a trespass, the law did not permit the defendant, by his own act, to arrest or obstruct the plaintiff's possession.

It is said in Lorimer vs. Lewis, Morris R., Iowa, 253, " it was contended in the course of the argument that the plaintiffs below in this case were themselves sheer trespassers, and much stress seemed to be laid on that circumstance. That fact, however, is in no manner mingled with this case. The action is not ejectment, but forcible entry and detainer, and may be brought by a trespasser even against the legal owner of the premises. All that is necessary to sustain the action is that the defendant should forcibly and illegally have turned the plaintiff out of the premises."

This is sustained in Smith vs. Dedman, 4 Bibb, 192 ; Bloomfield vs. Reynolds, Id., 388 ; Krevet vs. Meyer, 24 Mo., 107 ; Denison vs. Smith, 26 Id., 487 ; Beeler vs. Cardwell, 33 Id., 34 ; King vs. St. Louis G. L. Co., 34 Id., 34 ; Langworthy vs. Meyers, 4 Iowa, 18 ; McCartney vs. Hunt, 16 Ill., 76 ; Croff vs. Ballinger, 18 Ill., 200 ; Baker vs. Hays, 28 Id., 387 ; Seitz vs. Miles, 16 Mich., 456 ; Taylor's Land and Tenant, §787, n. 1 ; Chiles v. Stephens, 3 Mar. Ky., 340.

The statutes of these several States upon this subject are similar to our own. The ruling of the court in excluding the question is sustained by the authorities. The only case cited to us by counsel to sustain the contrary is The People vs. Reed, 11 Wend., 157 ; but by the statute of New York in force when that decision was made, the complainant must have had an estate of freehold or for a term of years, or some other right of possession, which must be stated and proved.

In People vs. Leonard, 11 Johns., 504, even under that statute it is held that in the case of a forcible entry it is of no importance whether the seisin be by right or by wrong, nor whether the term of years be legal or not.

That portion of the charge excepted to, viz : " If the party entering has the right to the possession he must resort to the authority of law and obtain such possession," is alleged to be erroneous and misleading, because it would call upon the jury to find for the plaintiff although defendant did not enter by force.   But the Judge in the same paragraph charged the jury that " the peaceable possession and the forcible entry are the questions at issue."   The proposition of the charge was that if plaintiff was in peaceable possession the defendant could not resort to force to oust him except by the process of law ; that force without process tended to a breach of the peace.   The statute itself says that no person shall invade the possession of another except where entry is given by law, and that in a peaceable, easy and open manner and without strong hand.

We find no substantial objection to the charge of the court.   It submitted the whole issue of fact to the jury upon the testimony and assumed nothing as to the facts.

There was testimony given by defendant which, by itself, would go to show that he had not directed Warriner to remove plaintiff or his goods from the premises.   Yet Warriner was in defendant's service at the time, and he swears that everything he did was by defendant's direction.   The jury have decided as to the facts and the liability of the defendant for the acts of Warriner.