### W. B. PARKER *v.* J. T. EASON.

UNLAWFUL ENTRY AND DETAINER.    *Code* 1880, § 2645.    *Trust-deed.*

> Where, on a trustee's sale, the grantor surrenders the land to the beneficiary as purchaser, and he retains peaceable possession for several years, when the grantor re-enters without permission, he may be ejected by unlawful detainer. So held, though the description of the land in the trust-deed was void for uncertainty, and the purchaser had been in possession less than ten years.

FROM the circuit court of Marshall county.

R. S. STITH, ESQ., Special Judge.

In 1880 Parker and wife owned certain land and gave a trust-deed thereon to secure a debt to appellant, Eason. In 1882, default being made, the land was sold under the trust-deed, when Eason became purchaser, receiving a deed. Thereupon the grantors yielded possession of the premises, and Eason held peaceable and undisturbed possession of the same until January 1, 1890, when, without his permission, Parker moved upon the place and notified the tenant to leave. He merely sent Eason a verbal message of his intention to move on the land. Eason then instituted this action of unlawful entry and detainer to recover possession. On appeal in the circuit court, the case was by agreement tried before the court without a jury.

The above facts were shown, and it was also shown that the

description of the land in the trust-deed was void for uncertainty, but Eason received a proper deed from the trustee for the land intended to be conveyed. Section 2645, code 1880, under which this action was instituted, gives the remedy to "any one deprived of the possession of land by force, or fraud, or stratagem, or stealth." Judgment for plaintiff; defendant appeals.

*J. C. Totten,* for appellant.

While we admit that title is not involved in this action, yet it may be looked to where the right of possession is deducible from an exhibition of title. *Ragan* v. *Harrell,* 52 Miss. 818.

We contend that Eason obtained possession of the land without a right to it, and that defects in the title are not cured by possession less than ten years. The trust-deed was void because of the patent ambiguity in the description of the land. The trustee could convey no greater estate than had been conveyed to him.

Furthermore, we contend that the facts of this case do not constitute any grounds for unlawful entry and detainer provided by § 2645 of the code. Parker's entry was not effected by "force, or intimidation, or fraud, or stratagem or stealth." This is not a case where the mortgagee is kept out of possession by the mortgagor. Counsel for plaintiff in the court below relied very much upon the authority of decisions in the state of Missouri, but these were based upon the statute of that state, which is different from ours. The right to this action depends upon the wording of the statute. 3 Wait's Act. & Def. p. 400.

*Nugent & McWillie,* on the same side.

*Rice T. Fant,* for appellee.

1. Trial by jury being waived, the finding of the judge on the facts will not be disturbed if it can be sustained by any fair view of the testimony. *Walker* v. *Walker,* 67 Miss. 529 ; 47 Ib. 208, 220.

2. I submit that the facts of this case justified resort to the action of unlawful entry and detainer. Code 1880, § 2645. Possession, and not title, is involved. *Benjamin* v. *Reach,* 65 Miss. 347; *Blake* v. *McCray,* Ib. 443.

3. Even if plaintiff had been in possession as trespasser, he could have maintained this action. *Lorimier* v. *Lewis*, 39 Am. Dec. 461. Having once been in possession as owner, he could maintain this action, no matter how his possession was acquired. *Davidson* v. *Phillips*, 30 Am. Dec. 393 ; 42 Ib. 140 ; 84 Ib. 68.

CAMPBELL, J., delivered the opinion of the court.

The summary remedy by unlawful entry and detainer is given by the code for just such a case as this, among others, where one claiming land *invades the possession of another,* and seeks by this stratagem or device to secure the possession to himself. The plaintiff rightly recovered.

*Affirmed.*