WILLIAM J. PARROTT

v.

WILLIAM HODGSON.

*Forcible Entry and Detainer—What Constitutes Force—Construction of Statute.*

Where appellant claimed to be the owner of a strip of land on appellee's side of the partition fence between their farms, and accompanied by two of his brothers and two other men, in the presence of appellee, and against his protest, took down the fence and rebuilt it on what he claimed to be the true line, *held*, that this constituted an entry by force, contrary to the statute.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. OSCAR A. DeLEUW and H. G. WHITLOCK, for appellant.

Mr. CHARLES A. BARNES, for appellee.

MR. JUSTICE BOGGS. The parties to this cause are owners of adjoining lands separated by a fence. The appellant claimed that the fence was not upon the true line

Parrott v. Hodgson.

but that he was the owner of a strip in the field of the appellee, extending across the field from east to west of the width of eleven feet at the west end and thirteen feet at the east. The appellee cultivated the field including the strip claimed by the appellant in corn in the year 1888. On the 1st of January, 1889, the appellant, accompanied by two of his brothers, Joseph Sally and Charles Smith, in the presence of the appellee and against his protest removed the fence back into the field of the appellee, and there rebuilt it, thereby taking possession of the strip of land of which he claimed to be owner. This is an action of forcible entry and detainer brought by the appellee to recover possession of the land thus taken from him.

The cause was submitted to the court without a jury, and a judgment being rendered against the appellant he brings this appeal to this court to obtain a reversal thereof. Under our statutes of forcible entry and detainer it is not lawful for any person, even the owner, to make an entry into lands with or by force but only in a peaceable manner. What is to be deemed a forcible entry under this statute is the chief if not the sole question for determination in this case. Entry has been held to be forcible if made by secret intrigue (McCartney v. Hunt, 16 Ill. 76), or against the will of the occupant (Croff v. Ballinger, 18 Ill. 200), and though not accompanied by breach of the peace (Smith v. Hoag, 45 Ill. 250); but it is the contention of the appellant that the holding in this respect has been changed by the rulings in the case of Fort Dearborn Lodge v. Klein, 115 Ill. 177. In the latter case it is held that the word "force," used in the statute of forcible entry and detainer, means "actual force as contradistinguished from implied force," and it is further said in the same case, "By actual force is meant such as breaking open doors or other like violent acts," or "an entry effected by means of threats or intimidation of any kind, such as being attended by an unusual number of persons or by making a display of dangerous weapons, would be deemed a forcible entry."

The entry in the case at bar was accomplished by the

appellant accompanied by two brothers and two or more other persons, who, in the presence of the appellee, and against his protest, tore down the fence, removed it to such place as the appellant claimed marked the boundary of the land he assumed to own, and there rebuilt it. The Circuit Court properly regarded the entry thus made as a forcible entry and a violation of the statutes. The appellant, if the owner of the strip in question, may recover it by an appropriate action at law, but not by acts of violence and a show of superior numbers. Such conduct tends to breaches of the peace and is in disregard and contempt of law.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*