SONOMA SEALS v. SAM WILLIAMS ET AL.

1. FORCIBLE ENTRY. *Definition.*

An entry upon land against the will of the person in possession, however quietly made, is forcible in legal contemplation. *Parker* v. *Eason,* 68 Miss., 290, cited.

2. SAME. *Possession. Deed.*

One who by his tenant is in actual possession under a deed of a part of a tract of land conveyed to him thereby, will be deemed in legal possession of the whole tract conveyed, there being no adverse possession. *Wilson* v. *Williams,* 52 Miss., 487; *Buford* v. *Railroad Co.,* 73 *Ib.,* 494, cited.

FROM the circuit court of, second district, Bolivar county.

HON. FRANK A. MONTGOMERY, Judge.

Mrs. Seals, appellant, was plaintiff in the court below; Williams and others, appellees, were defendants there.

The appellant brought this action of unlawful entry and detainer against the appellees for the possession of a certain tract of land in Bolivar county. The appellant claimed under sales for taxes made more than three years before the institution of the action, and the appellees under the original owners. In July, 1900, appellant obtained from the state a patent purporting to convey, as tax lands, the S. W. $\frac{1}{4}$, north of Hushpuckana bayou, section 34, township 25, range 5 W., containing 123 acres. This land was bounded on the west by the land of J. R. Moreland, and on the south by the Hushpuckana bayou. After obtaining the patent to this land from the state, Claude Seals, the husband of appellant, had the premises surveyed; and the survey developed the fact that Moreland had crossed the west boundary of the above-described land thirty or forty feet, making a narrow strip across it, containing about three acres, which lay on the inside of Moreland's inclosure. Moreland was present at the survey and offered to move his fence back to the dividing line; but arrangements were made by which Moreland was to let his fence remain, and pay rent to Mrs. Seals for the three acres, and execute a rent note for $10 for the use of the land. After this rent note had been given, and nearly eight months after Moreland had been in possession of this strip of land, one Alcorn, who had an agreement with Perkins and Ewing, the original owners, to purchase the property, went to make a survey of the same land; and on his way to make the survey he saw Mr. Seals, the husband of Mrs. Sonoma Seals, and was told by Mr. Seals of the claim and possession of the land by his wife; but Alcorn, disregarding the claim and possession of Mrs. Seals, had the land surveyed, and took possession of that portion of it lying outside of the field of Moreland, fenced the

same, and built a house on it, and placed the appellees in possession, to hold that portion of the land for him.    Thereupon Mrs. Seals brought this action of forcible entry and detainer for that part of the land not within Moreland's inclosure.    At the trial before the justices of the peace Mrs. Seals obtained judgment.    The defendants appealed to the circuit court, where a jury was waived, and the case was tried before the judge, who gave judgment in favor of defendants.

*Moore & Clark,* for appellant.

The evidence showed that Mrs. Seals, after her purchase from the state, entered upon the lands in controversy and took actual possession thereof, her possession of the same being open, notorious, and adverse, and evidenced by the renting of a part of the tract to Moreland, and taking his rent note for the rent, and that the lands so rented were a part of the tract purchased by her, and was within the calls of her deed from the state.

The possession of a part of the premises under the calls of a deed is considered in the law a possession of all of the lands called for by the terms of the deed.    The possession therefore of Mrs. Seal's was rightful under her deed, to the extent of the bounds as called for by her deed, and any trespass or turning of her out of the possession of a part of the land would entitle her to the remedy of unlawful detainer.    Code 1892, § 4461; *Parker* v. *Eason,* 68 Miss., 290; *Wilson* v. *Williams,* 52 *Ib.,* 493.

The facts of the case in *Parker* v. *Eason,* above referred to, are very similar to the case now before the court in that the plaintiff complained that he was turned out of the possession by force, fraud, stratagem, or stealth, and the court there held that the remedy was by unlawful detainer, same as that brought by us in this instance.

This was not a mere scrambling possession, but was the open, notorious, and adverse holding of a part of the land by

one claiming under a paper title or deed to the entire body. There was nothing uncertain or "scrambling" about this occupation of a part of the land by Mrs. Seals through her tenant.

The title to the land is not involved in this suit. It is a mere matter of possession, and the code, § 4461, provides a remedy for such cases as the one now before the court, where Alcorn claiming the lands of Mrs. Seals invaded her possession and sought by stratagem and device to secure the possession to himself of a part of the land.

*Calvin Perkins,* for appellees.

We do not think the testimony on the part of the plaintiff, uncontradicted, would tend to prove that there was either "force, intimidation, fraud, stratagem, or stealth" used by Mr. Alcorn (for the defendants were mere employes and tenants of his) in entering upon the land, but if plaintiff's testimony does, to any extent, tend in that direction, it is to that extent contradicted by the evidence offered for the defendants. The finding of the circuit judge on the facts has in this court the same effect as the verdict of the jury. *Robertson* v. *Cloud,* 47 Miss., 208; *Dixon* v. *Cook,* 47 Miss., 220.

The argument on behalf of plaintiff in the court below was that being in possession of the three acres through her contract with Moreland, the plaintiff was constructively in possession of the land in controversy; that any invasion of such constructive possession was unlawful, and was therefore a deprivation of plaintiff's possession by force. Our statute does not undertake to define force, but leaves it to be determined by the courts. What is a forcible entry? That the entry in this case was not a forcible one is quite clear on authority. See the very comprehensive note to *Evill* v. *Conwell,* 18 Am. Dec., 138, 140, 141, 142, 147.

A scrambling possession is not sufficient to enable the plaintiff to maintain this action. *Benjamin* v. *Beach* 65 Miss., 347; *Blake* v. *McCray,* 65 Miss., 443.

The action can only be brought in the cases specified in the statute.   *Lobdell* v. *Mason,* 71 Miss., 937; *McCorkle* v. *Yarrell,* 55 Miss., 576.

WHITFIELD, C. J., delivered the opinion of the court.

The earlier English statutes, and the earlier English decisions upon them, and many decisions in the states of the United States, define the meaning of the word "forcible," in statutes of this kind, as importing the idea of taking possession of land with "a strong hand," with "a multitude of people," and with "threats of personal injury to the occupant" sought to be expelled.   This is shown in the note to *Evill* v. *Conwell,* 18 Am. Dec., at page 145.   And Mr. Freeman also shows, at pages 146 and 147, that the statutes of Mississippi, Dakota, and Iowa define a "forcible entry" as being "where the defendant has by force or intimidation or fraud or stealth entered upon the prior actual possession of another in real property."   And on page 147 he states: "In Illinois this very comprehensive doctrine prevails: If one enters into the possessions of another against the will of him whose possession is invaded, however quietly he may do so, the entry is forcible, in legal contemplation.   *Croff* v. *Ballinger,* 18 Ill., 200 (65 Am. Dec., 735); *Smith* v. *Hoag,* 45 Ill., 250."   And Mr. Freeman then states that "the statutes of other states above set forth—that is, Mississippi, Dakota, and Kentucky—would seem to warrant the same construction" adopted in Illinois.   We understand the doctrine of *Parker* v. *Eason,* 68 Miss., 290 (8 So., 844), to accord with the doctrine in Illinois.   It is perfectly plain that the appellant was actually in possession of the three acres included within Moreland's fence.   The rest of the land was wild woodland.   These three acres were cultivable land.   The doctrine is well settled that, where one is in actual possession under a deed, he will be deemed in legal possession of all the lands embraced within the calls of his deed.   *Wilson* v. *Williams'* *Heirs,* 52 Miss., 487; *Railway Co.* v. *Buford,* 73 Miss., 494

(19 So., 584). In 13 Am. & Eng. Enc. Law (2d ed.), p. 750, the possession necessary to maintain this action is thus stated: "When one is in the actual possession of a portion of a given tract of land, he will be held, in law, to be in possession of the remainder, if he holds under a deed . . . and there is no adverse possession." The case of *Hardisty* v. *Glenn*, 32 Ill., 62, is one just like this, and we specially refer to it. The doctrine in Illinois is the doctrine of *Parker* v. *Eason, supra*. We think, within these principles as applied to the facts of this case, the appellant was entitled to recover.

*Reversed and remanded.*