## Benjamin J. Johnson et al. v. Anna Building & Loan Association.

1. FORCIBLE DETAINER—*when recovery in, should be set aside.* Possession taken and retained by a mortgagor is illegal and without lawful claim or color of right where the mortgagee has foreclosed his mortgage and received a master's deed and been given possession by such mortgagor.

2. FORCIBLE DETAINER—*when master's deed, though irregular, competent in.* A master's deed conveying the premises sought to be recovered is competent to show extent of possession and to be considered in connection with other circumstances tending to show the fact of possession, notwithstanding it is irregular in form.

3. CONTINUANCE—*when denial of motion for, proper.* The denial of a motion for a continuance is proper where it is not made to appear that the expected evidence was material to the issues on the trial.

4. DOCKET FEE—*when failure to pay, does not affect jurisdiction to try case.* The failure to pay the docket fee, upon the filing of the bond and other papers in an appeal from a justice, does not affect the jurisdiction of the court to hear and determine the appeal at the time fixed by virtue of the filing of such bond and papers.

Forcible entry and detainer. Appeal from the Circuit Court of Union County; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

TAYLOR DODD, for appellants.

H. F. BUSSEY, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This was a proceeding in forcible entry and detainer brought by appellee against appellants to recover possession of lot 15 in W. D. Brown's first addition to the city of Anna. The case was tried in the Circuit Court on appeal from a justice of the peace and a verdict and judgment found in favor of appellee, from which the defendants below appealed to this court. It appears from the evidence that on March 9, 1898, appellants executed and delivered to appellee a mortgage upon the premises in controversy

to secure the payment of $600 then owing by appellants to appellee. In default of payment this mortgage was duly foreclosed and the premises sold under decree, February 1, 1902, and bought in by the mortgagee, the appellee herein, to whom a master's deed was afterwards, May 25, 1903, duly executed and delivered. For a few months during the period of redemption, subsequent to the sale, appellants remained in possession, paying rent to appellee. They then moved out, gave up possession and were succeeded by another tenant of appellee, named Frank Henry, who occupied the premises about eight months. Shortly after Henry moved out in November, 1904, appellants without any sort of legal right, title or authority moved into the house and took possession, claiming interest or ownership adverse to that of appellee. After formal written demand for possession this suit was commenced.

The only question involved is that made by the complaint, viz.: whether or not appellee was entitled to the possession of the premises at the time of bringing suit. This is not a proceeding to determine title. Only incidentally may the question of title be considered. A superior title in one will never justify a trespass or invasion of the possession of another under claim of right. Under the evidence in this case, so far as the same may be considered as applying to the issues, the actual possession, the right to possession, and title to the property were in the appellee when appellants entered or moved into the house. By the mortgage foreclosure, sale and master's deed and the subsequent surrender of possession, all right and title in appellants were divested and transferred to appellee, and thereafter appellants were wholly without lawful claim or color of right to the possession of the premises. Winslow v. Noble, 101 Ill. 194. The verdict is supported by the evidence and is conclusive of the rights of the parties in this case, unless there was error of law prejudicial to appellants in the proceedings by which the verdict and judgment were obtained.

Complaint is made and error duly assigned upon the

action of the court in overruling defendants' motion for a new trial, in the admission of evidence and in giving certain instructions requested by the plaintiff. The case was set for trial April 3rd, at which time defendants made a motion for continuance for the reason as set out in an affidavit that defendants were unable to procure the attendance of John Collins as a witness, whose testimony it was claimed was material to the defense. It is stated by affidavit that defendants expect to prove by the witness Collins that "before these defendants took possession of the property in controversy, the secretary of plaintiff informed witness that plaintiff would not rent the property to him for the reason that plaintiff had nothing to do with the property and had no interest in it." The expected evidence was not material to the issues on trial, and therefore it was not error to deny the motion.

The contention and argument, that the case was not properly on the docket and should not have been tried at the March term of the court, is not based upon any exception preserved. The facts and circumstances respecting that matter are set out only in the affidavit for continuance as showing diligence on the part of defendants in trying to procure the attendance of the witness Collins. As already stated, the motion was properly denied without regard to defendants' diligence in preparing for trial. Though not brought into the record by objection properly made and exception preserved in the court below, we express opinion that the case was rightly held for trial at the March term. When the appeal bond was filed and approved, the appeal from the justice was perfected, and the papers having been sent to and received by the clerk of the Circuit Court more than ten days before the first day of the March term, the case stood for trial at that term, notwithstanding the failure of appellee—the plaintiff below—to advance the docket fee required by statute until the first day of the term. Whether the delay in paying the fee and having the case properly docketed should operate a continuance would be for the court to determine upon motion made in apt time.

The master's deed conveying the premises to appellee under foreclosure sale was properly admitted and read in evidence to show extent of possession and to be considered in connection with other circumstances tending to show the fact of possession. Smith v. Hoag, 45 Ill. 250, cited by appellants' counsel, is authority. The irregularity in the form of the deed and the erroneous recital of the foreclos- ure proceedings which it contained, would not preclude its admission as proper evidence for the purpose offered. It was clearly shown and is not disputed, that this deed was received by appellee from the master in chancery pursuant of the foreclosure sale of the premises in controversy.

Complaint is made of appellee's fifth, sixth, eighth and eleventh given instructions. The fifth and sixth instruc- tions contain substantially correct propositions of law, but might properly have been refused as having no application under the issues and material facts of this case, but we do not think appellants were prejudiced by them. The eighth instruction was proper. The giving of appellee's eleventh instruction and the modification of appellants' third and fourth was entirely proper under the evidence. There was no evidence that the premises were vacant and unoccupied in any sense that would be a defense to the action. The property and possession once held by appellants was se- cured and held by appellee through the mortgage and fore- closure, and the mere fact that the dwelling-house was temporarily vacant and unoccupied was no evidence what- ever that the premises were "vacant and unoccupied" within the meaning of the third paragraph of section 2 of the Forcible Entry and Detainer Act. The verdict is sup- ported by the evidence, and we find no error to warrant a reversal of the judgment. It will therefore be affirmed.

*Affirmed.*