THE HILLSBOROUGH GROCERY COMPANY, A CORPORATION, PLAINTIFF IN ERROR, v. WILLIAM W. LEMAN AND CHARLES H. WRIGHT, COPARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF LEHMAN & WRIGHT GROCERY COMPANY, DEFENDANTS IN ERROR.

1. Where any evidence has been submitted upon which the jury could lawfully find for one party the trial court should not direct the jury to find a verdict for the opposite party.

2. In an action of assumpsit where there are pleas of the general issue and a plea of set off and the plaintiff introduces no evidence and there is evidence introduced by the defendant tending to support the plea of set off it is error for the trial court to instruct the jury to find for the plaintiffs the full amount of their claim.

This case was decided by Division A.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*D. C. McMullen,* for Plaintiff in Error.

*Gunby & Gibbons,* for Defendants in Error.

WHITFIELD, J.  An action of assumpsit upon common counts was brought in the Circuit Court for Hillsborough county by the defendants in error against the plaintiff in error.  The defendant, The Hillsborough Grocery Company, filed the following pleas:  (1) That it never was indebted as alleged; (2) That it did not promise as al-

leged; (3) That the plaintiffs at the commencement of this suit were and still are indebted to the defendant upon a promissory note, for the sum of four hundred dollars principal with interest at the rate of eight per cent. per annum from the first day of June, A. D. 1904, and for money payable by the plaintiffs to the defendant for goods, wares and merchandise sold and delivered to the plaintiff by defendant at the request of plaintiffs for the sum of four hundred dollars; and for money found to be due from the plaintiffs to the defendant on account stated between them in the sum of four hundred dollars, which amounts the defendant is willing to set off against the plaintiff's claim. The record proper contains a replication to the third plea as follows: The plaintiffs "for replication to the third plea of the defendant say: that before the institution of this suit the plaintiffs were insolvent and offered as a settlement of their debts to their various creditors, including the Hillsborough Grocery Company, the defendant in this cause, the sum of thirty cents on the dollar, and that the said defendant, the Hillsborough Grocery Company, accepted said offer of thirty cents, and received the money therefor, in full settlement, and that thereby the said plaintiffs paid to the said defendant all claims of every kind and character that the said defendant had or held against the said plaintiffs, including said promissory note mentioned in said defendant's third plea, and that the said suit brought by the said plaintiffs against the said Hillsborough Grocery Company, the defendant, was for goods, wares and merchandise sold to said defendant after it had accepted said offer of settlement."

The following rejoinder to such replication appears in the record proper: "Although defendant admits it accepted the offer of plaintiffs to pay to defendant the sum

of thirty cents on the dollar in settlement of its claim against plaintiffs and received the money thereon; defendant alleges that said settlement was procured by the representations made on behalf of plaintiffs that they were settling with their various creditors on the basis of thirty cents on the dollar and that no creditor of plaintiff was receiving a preference, whereas without the knowledge or consent of defendant the Exchange National Bank one of plaintiff's creditors was paid the sum of fifty cents on the dollar in settlement of said bank's claim against plaintiffs, which settlement with said bank was contrary to the representations made to defendant, and upon which defendant agreed to accept the said thirty cents on the dollar in settlement of its claim against said plaintiffs, which was a fraud upon defendant and rendered the settlement between plaintiffs and defendant null and void."

The plaintiffs joined issue on the defendant's rejoinder to the plaintiffs' replication to the third plea, but issue was not joined on the first two pleas tendering the general issue, though they do not appear to have been abandoned

There was verdict and judgment for the plaintiffs in the sum of $572.62.

On writ of error taken by the defendant, the following are assigned as errors: The court erred (1) in denying the motion of defendant to strike the amended replication of plaintiffs to defendant's third plea; (2) in granting the motion of plaintiffs, striking from the files the amended rejoinder of defendants; (3) in denying the motion of defendant for a new trial.

It is not necessary in deciding this case to determine whether or not the proceedings upon which the first and

15 S. C.

second assignments of errors are based are properly evidenced to this court so that they may be considered, appearing as they do only in the bill of exceptions.

The third assignment of error is the denial of the motion for new trial.  One of the grounds of the motion for new trial is "Because the court denied to defendant the right to submit said case to the jury, and instructed the jury to bring in a verdict for the full amount of plaintiff's claim."

The bill of exceptions contains the following:  "the defendant having concluded and submitted its evidence, the plaintiffs refuse to introduce any evidence and asked the court to instruct the jury to find for the plaintiffs the full amount of their claim, disallowing the set off to defendant, whereupon the court charged the jury to find for the plaintiffs the full amount of their claim."

The amount sued for was $534.62.  The first and second pleas presented no new matter, but tendered the general issue, and they do not appear to have been abandoned.  The defendant was entitled to the benefit of them.  The third plea claimed a set off of $400.00.  The replication alleged a settlement of the amount claimed as a set off. The rejoinder averred fraud, which, it is claimed, rendered the settlement null and void.  Issue was joined on the rejoinder, thus raising a question of the right to the set off, and if any  evidence had been  submitted  upon which the jury could have lawfully found for the defendant, the court should not have directed the jury to find for the plaintiffs. Section 1088 Revised Statutes of 1892; Florida Cent. & P. R. Co. v. Williams, 37 Fla. 406, 20 South. Rep. 558.   See also Rogers Co. v. Meinhardt, 37 Fla. 480, 19 South. Rep. 878; Smith v. Klay, 47 Fla. 216, 36 South. Rep. 54.

The plaintiff introduced no evidence. Witnesses for the defendant testified to the facts and circumstances set up in the defendant's rejoinder as being a fraud affecting the settlement alleged in the plaintiffs' replication. With this evidence in support of the plea of set off, and no evidence in support of the plaintiffs' case, it was error for the court to instruct the jury to find for the plaintiffs the full amount of their claim.

The judgment is reversed and a new trial awarded.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.