Judgment reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.

---

ED KING, *Plaintiff in Error*, v. COONEY-ECKSTEIN COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed November 4, 1913.

On Petition for Rehearing, December 10, 1913.

1. At common law the tenant and occupier of premises is bound, as between himself and the public, to keep the premises in such condition that they will be reasonably safe for persons who go lawfully upon the premises, by express or implied invitation; and such tenant or occupier is *prima facie* liable for damages caused by defects in or dangers on the premises that reasonably could have been avoided by appropriate care taken by the tenant or occupier. This is the law even though the lessor covenanted to keep the premises in repair.

2. The liability of the lessee in damages for injuries to others caused by unsafe premises is grounded upon his duty in being the occupant to keep the premises in reasonably safe condition for those who go thereon by express or implied invitation.

3. The common law rule of liability of lessees who have control or occupancy of premises, for injuries caused by the defective or dangerous condition of the premises where such defective or dangerous condition reasonably snould have been known to and remedied by the occupying tenant, is in force in this State.

4. A verdict for the defendant should never be directed by the court, unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If there is evidence tending to prove the issue, and sufficient to show liability, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as matter of law.

5. The damages recoverable in actions for personal injuries are for all the legal and natural consequences proximately resulting from the negligence alleged; though the particular form or nature of the results were not contemplated or foreseen.

6.  Assumption of risk and contributory negligence when available are affirmative defenses

Writ of error to Circuit Court, Duval County; R. M. Call, Judge.

Judgment reversed.

*Bryan & Carson,* for Plaintiff in error;

*John E. & Julian Hartridge,* for Defendant in error.

WHITFIELD, J.—In an action to recover compensatory damages for personal injuries alleged to have been caused by the negligence of the defendant corporation, the court directed a verdict for the defendant; and to a judgment rendered on the verdict, the plaintiff took writ of error.

It appears that the defendant was the lessee of a wharf or dock, which the lessor covenanted "to keep in usual repair;" that the lessor reserved "the right to discharge at said dock one or more vessels each year" and also the privilege of "loading or unloading its lighter over said leased premises without charge;" that more than two years after the lease began a decayed plank in the dock gave way under a truck containing lumber, thereby injuring the plaintiff who was carrying the lumber to a ship being loaded at the dock; that the defect in the plank was not patent to casual observation, but could have been seen by a reasonably careful inspection.

It does not appear that any one other than the lessee was in control of or occupied the wharf or dock at the time of the injury, even though the loading of the vessel may not have been under the direction of the defendant lessee. The occupancy and control of the dock and the

liabilities incident thereto were apparently that of the lessee in possession under the lease.

For the defendant in error it is contended that the lessor and not the lessee is liable for injuries caused by the defective condition of the wharf or dock. This contention ignores the fact that both the lessor and the lessee may be liable under certain circumstances and that *prima facie* the liability rests primarily upon the one in actual occupancy and control of the premises.

At common law the tenant and occupier of premises is bound, as between himself and the public, to keep the premises in such condition that they will be reasonably safe for persons who go lawfully upon the premises by express or implied invitation; and such tenant or occupier is *prima facie* liable for damages caused by defects in or dangers on the premises that reasonably could have been avoided by appropriate care taken by the tenant or occupier. This is the law even though the lessor covenanted to keep the premises in repair.

The liability of the lessee is grounded upon his duty in being the occupant to keep the premises in reasonably safe condition for those who go thereon by express or implied invitation. See 1 Thompson on Neg. Sec. 1154 *et seq.;* Keeler v. Lederer Realty Corp. 26 R. I. 524, 59 Atl. Rep. 855; Hussey v. Ryan, 64 Md. 426; Abbott v. Jackson, 84 Me. 449, 24 Atl. Rep. 900; 24 Cyc. 1125.

The common law rule of liability of lessees who have control or occupancy of premises, for injuries caused by the defective or dangerous condition of the premises where such defective or dangerous condition reasonably should have been known to and remedied by the occupying tenant. is in force in this State.

A verdict for the defendant should never be directed by the court, unless it is clear that there is no evidence what-

ever adduced that could in law support a verdict for the plaintiff. If there is evidence tending to prove the issue, and sufficient to show liability, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as matter of law. Atlantic Coast Line R. Co., v. Pelot, 62 Fla. 121, 56 South. Rep. 496; Southern Express Co. v. Williamson, decided this term.

The damages recoverable in actions for personal injuries are for all the legal and natural consequences proximately resulting from the negligence alleged, though the particular form or nature of the results were not contemplated or foreseen. Hussey v. Ryan, 64 Md. 426.

Evidence was adduced showing that the defendant was a lessee of the wharf or dock; that the plaintiff was lawfully upon the dock, and apparently without his fault, was injured because of the defective condition of the wharf or dock owing to a decayed plank in the floor thereof over which plaintiff rightly passed with lumber in loading a vessel, when the defendant by ordinary care could have known of and remedied the defect, and there was apparently no reason for the plaintiff to apprehend danger to himself.

The plaintiff did not assume the risks incident to the negligence of the lessee in not having the dock in safe condition, when the danger was not obvious and was unknown to the plaintiff. Assumption of risk and contributory negligence when available are affirmative defenses; and neither appears in the evidence.

The injuries sustained by the plaintiff are apparently a natural and proximate result of the defendant's negligence in not exercising due care to keep the dock in a reasonably safe condition.

A verdict for the plaintiff on the evidence would not

have been unlawful; and for the error in directing a verdict for the defendant the judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.

ON REHEARING.

PER CURIAM.—In a petition for rehearing it is suggested that the defendant corporation leased the dock and placed thereon certain lumber to be transported by ship; that the placing of the lumber on the dock constituted a delivery by the defendant to the ship and defendant did nothing toward the loading of the lumber on the ship, but a contractor was employed by the ship to place the lumber on the ship, and this contractor employed the plaintiff to assist in loading the lumber on the ship, therefore the ship assumed the duty of providing a safe place for its agents or servants to work, and the defendant lessee of the dock is not liable in damages for the injury to the plaintiff caused by a defect in the floor of the dock which might have been seen by a reasonably careful inspection.

The liability of the defendant is based upon the fact that it was the lessee of the dock having the use thereof and did use it in placing the lumber thereon for delivery to the ship, which facts, under the law, imposed upon the lessee a duty to maintain the dock in a reasonably safe condition for those properly thereon, and this liability is not affected by the liability, or non-liability, of the owner of the dock and the ship jointly or severally for any negligence chargeable to them that was a proximate cause of the plaintiff's injury.

A rehearing is denied.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.