JULIA F. HAMMOND, *Plaintiff in Error*, v. JACKSONVILLE ELECTRIC COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed November 18, 1913.

The fact that others saw or heard a street car approaching does not render the act of one who failed to get off the track in time to avoid being killed by it, the sole cause of the accident, when it appears that the car was being operated at full speed on a dark night, with no headlight, by a motorman with his face to the rear, who rang no gong when nearing a street crossing at a point where owing to the physical condition of the street many citizens were accustomed to walk between or along the car tracks.

Writ of error to Circuit Court, Duval County; R. M. Call, Judge.

Judgment reversed.

*John E. & Julian Hartridge,* for Plaintiff in Error;

*Kay & Doggett,* for Defendant in Error.

COCKRELL, J.—There was judgment for the defendant upon a directed verdict, and the plaintiff takes writ of error.

The evidence tends to show that George W. Hammond, the plaintiff's husband, was killed by being run against by a street car operated by the defendant company on Jessie Street in the City of Jacksonville. In addition to the statutory presumption of negligence from these facts, it is further in evidence that the car was being operated at night on a dark street, without a headlight, and with

10—Vol. 66

the interior of the car but dimly lighted; no bell was sounded upon the approach to the street crossing where the accident occurred; the car was going full speed on a street recently paved and so banked with sand on either side, as to render the portion of the street covered by the car tracks the usual foot passage for a large number of people, and the car was operated by a motorman, so careless of his duties under these circumstances as not to light the electric headlight with which the car was equipped, and to turn his face to the rear to talk with some one in the car. It is difficult to conceive of greater negligence in the operation of a car upon the streets of a city.

The defendant seeks to justify the affirmative charge in its behalf upon the theory that these acts of negligence did not proximately contribute to the injury, and that the fatal injury was caused solely by the failure of the plaintiff's husband to exercise his own faculties, or else that the testimony shows a deliberate act of suicide.

Comparative negligence is not a complete defense in this State for an injury received from the operation of street cars, and such injury having been shown, a presumption of negligence on the part of the one operating the car arises.

Although the street car company failed to fulfil its duty to the public rightfully occupying the city streets, in the particulars indicated, yet because certain witnesses saw or heard the car before it struck the deceased husband, it is asserted that as matter of law he must be held to have seen or heard it, and therefore to be deprived of a right of action because he did not earlier get off that portion of the public street over which the car passed.

It is uncertain exactly how long he had been on the

VOL. 66, JUNE TERM, 1913. 147

Hammond v. Jacksonville Elec. Co.—Opinion of Court.

track, but it appears he was getting off it at the crossing of another street when the car struck him. We cannot say that he would not have gotten off earlier had he been warned by the glare of an approaching headlight, the usual equipment of these cars, or the sounding of a gong, required by ordinance upon nearing a street crossing; nor can we say that a proper lookout by the motorman at this particularly frequented place might not have disclosed the presence of the man upon the track, in ample time to have averted the taking of this human life.

We are not dealing with the case of one walking along or crossing a railroad track, upon which are operated long trains which may not be readily and quickly stopped, but with cars operated electrically in the streets of a city, with no complications as to the law of treaspass where the presence of others may be expected on that portion of the streets which the street cars use permissively only, and the proper use of which the citizen using the street has a right to anticipate.

In the instant case the deceased may have misjudged the distance from the car, by reason of the excessive speed at which it was being run and the absence of proper headlights and other warning; but this miscalculation shows neither an intentional injury nor an accident that the street car company should not have anticipated; or to use the language of the statute, it does not appear that the injury was "done by his consent or is caused by his own negligence."

It seems clear to us that the defendant was not entitled to the affirmative charge, and the judgment based thereon is accordingly reversed.

SHACKLEFORD, C. J., AND TAYLOR, AND HOCKER, J. J., concur.

WHITFIELD, J., concurring.

As the defendant offered no evidence, and the trial court, on the defendant's motion, directed a verdict for the defendant on the testimony produced by the plaintiff, the question to be determined on this writ of error is the legal effect of the plaintiff's evidence under the statutes regulating the liability of the defendant company in a case of this character. The injured person was not an employee of the defendant company.

The statutes provide that a railroad company shall be liable for any damage done to persons, * * by the running of the * * cars * * of such company, * * unless the company shall make it appear that its agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company. No person shall recover damages from a railroad company for injury to himself * * where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, *the former may recover, but the damages shall be diminished or increased by the jury* in proportion to the amount of default attributable to him. Sections 3148, 3149 Gen. Stats. of 1906. These statutes are applicable to street car companies. Consumers' Electric Light & St. R. Co. v. Pryor, 44 Fla. 354, 32 South. Rep. 797; Jacksonville Electric Co. v. Adams, 50 Fla. 429, text 439, 39 South. Rep. 183.

An ordinance of the City of Jacksonville put in evidence provides that "All cars shall be properly provided with alarm bells and every motorman or driver shall ring

or sound the same as his car approaches cross-streets and at other points when any vehicle or person appears or is immediately in front of his car upon or near to the right of way or track, whenever a collision with any person or vehicle seems imminent." "All conductors, motormen, drivers and all persons employed upon street cars shall use reasonable and proper care and diligence to prevent injury or damage to persons."

If under the statutes the plaintiff's decedent could have maintained an action for damages against the defendant for the injury to decedent, had his death not occurred, the plaintiff, his widow, may maintain an action to recover such compensatory damages as she may have sustained by reason of her husband's death. Secs. 3145, 3146 Gen. Stats. of 1906.

In directing a verdict, the court is governed by practically the same rules that are applicable in demurrers to evidence. A party in moving for a directed verdict in his or its favor, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. 6 Ency. Pl. & Pr. 692 *et seq.*

The statute provides that "If * * after all the evidence shall have been submitted on behalf of the plaintiff in any civil cause, it be apparent * * that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff, the judge may then direct the jury to find a verdict for the defendant.' Sec. 1496 Gen. Stats. of 1906, as amended by Chap. 6220 Acts of 1911. Under the statute, when the facts are not in dispute, and the evidence, with all the inferences that a jury may lawfully deduce from it, does not, as matter of law, have a tendency to establish the cause of action,

the judge may direct a verdict for the defendant. But the court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. In all cases where there is room for difference of opinion between reasonable men as to the existence of facts from which an ultimate fact is sought to be established, or when there is room for such difference as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not the views of the judge. The duty devolving upon the court in reference to directing a verdict on the evidence may become, in many cases, one of delicacy, and should be cautiously exercised. C. B. Rogers Co. v. Meinhardt, 37 Fla. 480, 19 South. Rep. 878. Where there is testimony from which the jury could lawfully infer at least some negligence on the part of a railroad company's employee, that reasonably could have contributed proximately to an alleged injury caused by the running of the defendant company's car, a peremptory charge for the defendant should not be given. Johnson v. Louisville & N. R. Co., 59 Fla. 305, 52 South. Rep. 195.

The evidence does not show that the injury to the plaintiff was "done by his consent," or that it was "caused by his own negligence," which latter means "caused solely by his negligence." See Farnsworth v. Tampa Electric Co., 62 Fla. 166, 57 South. Rep. 233. While the testimony tends to show that negligence of the plaintiff's decedent was a directly contributing cause of his injury, it does not show that his negligence was *the sole cause* of the injury. There is evidence as to the use of the street where the injury occured by pedestrians in

walking parallel to the track owing to the bad condition of the sidewalks; as to the high speed of the car; as to the absence of a headlight or other sufficient aid or warning to enable persons walking on the street to see or know of the approaching car and to judge of its distance from them in going upon or crossing the track, and to enable the motorman to see ahead; as to the inattention of the motorman, and as to his failure to have the car under complete control, so as to quickly stop should any one suddenly appear on the track along the dark traveled street, and especially at the street crossing. This evidence at least tends to support the statutory presumption of the defendant's negligence, which presumption, independent of the testimony, puts upon the defendant the statutory burden of showing by countervailing evidence that its agents "exercised all ordinary and reasonable care and diligence," demanded by the circumstances to prevent the injury complained of. The evidence adduced does not remove or rebut the statutory presumption of the defendant's negligence flowing from the proof of injury caused by the running of the defendant company's car; and the evidence at least tends to show that the apparently negligent operation of the car under the circumstances was, or may have been, a proximate cause though not the sole cause of the injury. Even though the decedent may have been negligent in going upon the track so near the approaching car, the speed of the car and the apparent lack of reasonable care and diligence by the defendant's agents under the circumstances may reasonably have caused the decedent to misjudge the risks he took at a place where he had a right to be, and where defendant's agents should have been, but apparently were not, duly careful and diligent. Florida R. Co. v. Sturkey, 56 Fla. 196, 48 South. Rep.

34; Consumers' Electric Light Co. v. Pryor, *supra;* Johnson v. Louisville & N. R. Co., *supra.*

It is true the injury would not have occurred if the decedent had not gone on the track; but reasonable men may differ as to whether the evidence fairly warrants an inference that, notwithstanding the apparent negligence of the decedent in going on the track when he did, the injury would not have occurred if the defendant's employees in charge of the car had "exercised all ordinary and reasonabe care and diligence" under the circumstances, as the statute and city ordinance required, by having the car under control at a proper rate of speed and by having a headlight or otherwise giving sufficient warning in approaching the street crossing in the dark where pedestrians had for sometime been using the street where the track is because of the condition of the sidewalks. Under these circumstances the statutes regulating the liability of railroad companies in such cases, and the statute regulating the authority of the trial court in directing verdicts, did not authorize a judicial direction of a verdict for the defendant.

Where an injury produced by the running of the defendant railroad company's car was caused partly by the negligence of the injured person, and partly by the mere negligence of the defendant railroad company, the former may under the statute maintain an action for damages, yet he is not entitled to recover full damages for the injury, but only a proportional amount, bearing the same relation to the full amount as the negligence attributable to the defendant company bears to the entire negligence attributable to both; the purpose of the statute being to abrogate the common law rule which completely eronorates the defendant from liability in such a case, and to substitute a new rule, confining the

exoneration to a proportional part of the damages, corresponding to the amount of negligence attributable to the injured person. See Florida R. Co. v. Sturkey, *supra*; Mondou v. New York, N. H. & H. R. R. Co., 223 U. S. 1, text 50, 32 Sup. Ct. Rep. 169, 38 L. R. A. (N. S.) 44; Norfolk & Western Ry. Co. v. Earnest, 229 U. S. 114, text 122, 33 Sup. Ct. Rep. 654, text 657; A. C. L. Ry. Co. v. Weir, 63 Fla. 69, 58 South. Rep. 641.

While the evidence tends to show negligence of the plaintiff's decedent in going upon and apparently attempting to cross the track so near in front of the car, yet this alone does not bar a recovery under the statutes, though if the decedent was negligent it requires a diminution of recoverable damages. As the evidence of the circumstances attending the injury does not remove but tends to support the statutory presumption of the defendant's negligence in operating the car, flowing from the fact of injury caused by the running of defendant's car, the question of the defendant's liability under law applicable to the pleadings and evidence should have been submitted to the jury for determination with appropriate instructions as to their duty under the statute.

The injury here was caused by the running of a street car at a street crossing in a city, and the circumstances in evidence are essenitally different from those in the steam railroad cases of Atlantic Coast Line R. Co. v. Miller, 53 Fla. 246, 44 South. Rep. 247; Seaboard Air Line Ry. y. Smith, 53 Fla. 375, 43 South. Rep. 235; Wade v. Louisville & N. R. Co., 54 Fla. 277, 45 South. Rep. 472; Seaboard Air Line R. Co. v. Barwick, 51 Fla. 304, 41 South. Rep. 70; Florida Cent. & P. R. Co. v. Williams, 37 Fla. 406, 20 South. Rep. 558.

HOCKER, J., concurring.