J. F. POORE, *Plaintiff in Error*, v. STARR PIANO COMPANY, *Defendant in Error*.

Opinion Filed December 1, 1914.

Where any evidence has been submitted upon which the jury could lawfully find for one party, the trial court should not direct the jury to find a verdict for the opposite party.

Writ of error to Circuit Court for Santa Rosa County; J. Emmet Wolfe, Judge.

Judgment reversed.

*Clark & Magaha,* for Plaintiff in Error;

*J. T. Wiggins,* for Defendant in Error.

PER CURIAM.—The piano company brought an action on a note given to the company for balance due on a piano and attorney fee. The defendant filed only a special plea in the nature of a plea of partial failure of consideration, on which plea issue was joined. After introducing

the note and evidence of a reasonable attorney fee, the plaintiff rested. The defendant produced evidence which at least tended to prove the issue tendered to and accepted by the payee of the note, but the court directed a verdict for the plaintiff and the defendant took writ of error.

Where any evidence has been submitted upon which the jury could lawfully find for one party the trial court should not direct the jury to find a verdict for the opposite party.

As there was evidence at least tending to prove the issue tendered and accepted, it was error to direct a verdict for the plaintiff. See Hillsborough Grocery Co. v. Leman, 51 Fla. 203, 40 South. Rep. 680; Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435. See Sec. 1465 Gen. Stats.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.