Davis *et al.* v. Drummond—Syllabus.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.

MARY E. DAVIS, *et al.*, *Plaintiffs in Error*, v. J. H. DRUMMOND, *Defendant in Error*.

Opinion Filed December 9, 1914.

1. Where the evidence in an action of forcible entry and detainer, tends to show a *bona fide* peaceful possession and a forcible ouster of the plaintiff, and there is no showing whatever that the defendant had been in possession, or that he claimed any right or interest in the land at or prior to the plaintiff's peaceful entry, it is material error to direct a verdict for the defendant.

2. In actions for forcible entry, title deeds may be put in evidence when the possession of a part of the land is shown, for the purpose of showing the boundaries or the extent of the possession claimed.

Writ of error to Circuit Court for Bay County; D. J. Jones, Judge.

Judgment reversed.

*W. H. Milton, Reeves, Watson & Pasco* and *W. B. Farley*, for Plaintiffs in Error;

*Blount & Blount & Carter*, for Defendant in Error.

WHITFIELD, J.—Mary E. Davis and others brought an action of forcible entry and detainer against Drummond. The court directed a verdict for the defendant, on which

a judgment for defendant was rendered, and the plaintiffs took writ of error.

The evidence shows that the lands were unoccupied; that early in the morning the plaintiffs entered upon a part of the land, cleared away the growing bushes, and had partially constructed a house thereon when the defendant appeared during the same morning with firearms and required the parties at work in constructing the house to desist, whereupon the defendant tore down the partially constructed house, and enclosed the premises by a substantial fence. There is also evidence that "at or about the time" the plaintiffs "started to put a house there," "the boundaries of the land" were run out, and also that "either on the day or the day before" the plaintiffs began the house building, a single wire was placed "practically around the land." In addition to this there is at least some evidence of good faith on the part of the plaintiffs in entering upon the land. These facts tended to show a peaceful possession and a forcible ouster from at least a portion of the land, and the evidence tends to show the plaintiffs intended and by running lines and a wire attempted to occupy and possess the entire lot in controversy, there being nothing to indicate that the defendant had been in possession or claimed any right or interest in the land at or prior to the plaintiff's peaceful entry. This being so, it was error to direct a verdict "that the defendant did not  *  *  *  forcibly enter upon the real estate in the complaint mentioned and turn the plaintiffs out of the possession thereof." See Greeley v. Spratt, 19 Fla. 644; 19 Cyc. 1132.

A verdict for the defendant should not be directed when the evidence tends to prove the issues in the case and a verdict for the plaintiff on the evidence would not be unlawful. See Gunn v. City of Jacksonville, 67 Fla. 40, 64

South. Rep. 435; Hillsborough Grocery Co. v. Leman, 51 Fla. 203, 40 South. Rep. 680; Poore v. Star Piano Co., decided at this term. In actions for forcible entry, title deeds may be put in evidence when the possession of a part of the land is shown, for the purpose of showing the boundaries or the extent of the possession claimed. Walls v. Endel, 17 Fla. 478.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.