LOGAN COAL AND SUPPLY COMPANY, A CORPORATION, *Plaintiff in Error*, v. ROBERT HASTY, A MINOR, BY HIS NEXT FRIEND, *Defendant in Error*.

Opinion Filed December 22, 1914.

1.  A declaration alleging in effect that the defendant master "failed to provide and maintain a safe and proper place for plaintiff employee to work, in that certain boards or timbers forming the floor of" the elevated structure where the plaintiff employee was directed to go in the discharge of a duty assigned to him, "were not nailed or fastened in any manner," of which the defendant knew or should have known, and that plaintiff was injured because an unfastened board "tilted and flew up" when plaintiff stepped on it, states a cause of action.

2.  Under allegations showing serious personal injuries to the plaintiff, proper evidence as to his inability to work because of such injuries up to the time of the trial may be admissible.

3.  It is not error to refuse to give argumentative charges, particularly where proper charges are given.

4.  The authority to direct a verdict should not be so exercised as to deny to any one the organic right to a jury trial. If a

verdict is directed for one party when under the pleadings and evidence the jury may legally find for the opposing party, the right to a jury trial secured by the Constitution may be thereby invaded.

5. After verdict rendered the trial court may for good cause set it aside and grant a new trial in appropriate proceedings; but this judicial power and discretion to grant a new trial should not be confounded with the more limited authority to direct a verdict for one party only when a finding for the opposite party would be clearly wrong.

6. Risks resulting from the master's acts of negligence are not assumed by the servant; and where there is substantial evidence to sustain a verdict upon the theory that the master was negligent in directing the servant to go upon an elevated trestle where unfastened boards had to be stepped on in performing the duty assigned, which duty was not aiding in constructing the trestle, and that the servant was not guilty of contributory negligence, and there is nothing to indicate that the jury were not governed by the evidence, the verdict will not be disturbed by the appellate court.

Writ of error to Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment affirmed.

*Marks, Marks & Holt,* for Plaintiff in Error;

*Dewell & Triplett,* for Defendant in Error.

WHITFIELD, J.—Robert Hasty, a minor, by his next friend, obtained a judgment for $800.00 damages against the Coal and Supply Company for personal injuries, and the company took writ of error.

The amended declaration alleges that on September 6,

1913, the defendant was "maintaining, operating and controlling certain coaling docks and yards; * * * that in connection with said coaling docks and yards defendant maintained and controlled a certain tramway or elevated trestle; * * * that plaintiff, a minor, was employed by defendant in the capacity of a laborer at its said coaling docks and yards; that the plaintiff was ordered and directed by defendant to do certain work on tramway or elevated trestle; that then and there it became and was the duty of defendant to see to it that said place was a proper and safe place for the plaintiff to work; but, notwithstanding defendant's duty in that behalf said defendant failed to provide and maintain a safe and proper place for plaintiff to work, in that certain boards or timbers forming the floor of said tramway or elevated trestle were not nailed or fastened in any manner; that defendant knew, or by the exercise of reasonable care could have known that said board was not nailed or fastened * * * and that said tramway or elevated trestle was an unsafe place for the plaintiff, a minor, to work; that the unsafe condition of said tramway or elevated trestle was unknown to plaintiff; that plaintiff in performance of orders and directions of defendant went upon said tramway or elevated trestle; that in attempting to carry out said orders of defendant, plaintiff stepped upon certain boards or timber in the flooring of said tramway or elevated trestle; that said board or timber was not nailed or fastened; that said board or timber tilted and flew up whereby plaintiff was thrown or caused plaintiff to fall to the ground below, a distance of forty feet, more or less, whereby" plaintiff was injured as specifically stated.

There was no error in overruling the demurrer to the amended declaration. The gist of the allegations is that

the defendant employer "failed to provide and maintain a safe and proper place for plaintiff employee to work, in that certain boards or timbers forming the floor of" the place where the employee was directed to go in the discharge of the duty assigned to him, "were not nailed or fastened in any manner," and that plaintiff was injured, because an unfastened board "tilted and flew up" when plaintiff stepped on it. While the declaration does not specifically allege that the defendant *negligently* or *carelessly* "failed to provide and maintain a safe and proper place" for the employee to work in, yet from the facts alleged it may reasonably be inferred that the injury was the result of the defendant's negligence. See Consumers' Electric Light & St. R. Co. v. Pryor, 44 Fla. 354, 32 South. Rep. 797; German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740.

The allegation that the place provided for the plaintiff to work was unsafe in the particulars stated, is not so indefinite as to subject the declaration to demurrer. In alleging that the defendant "failed to provide," &c., the declaration does not attempt to state the degree of care the law required of the defendant; nor was it necessary for the degree of care involved in the defendant's duty in the premises to be stated. If there be indefiniteness in the allegation as to the plaintiff's youth when its bearing or other allegations is considered, the substance of the declaration as stating a cause of action is not thereby affected. Contributory negligence is defensive matter to be pleaded where, as in this case, it does not clearly appear in the declaration.

Under the allegation that the "bones in plaintiff's right arm were broken and his right hip dislocated and the plaintiff suffered internal injuries * * * and is hindered and prevented from transacting and attending to

his business, and is deprived of divers gains which he would otherwise have acquired, and the earning capacity of plaintiff has been greatly reduced by reason of being injured as aforesaid," proper evidence as to the plaintiff's inability to work up to the time of the trial may be admissible. In this case the court charged the jury not to take into consideration any sums claimed to have been lost by reason of being incapacitated from performing his usual work because there was no evidence as to its value.

There was no error in refusing to give argumentative charges "that it is contended by the defendant that it was not negligent in having loose boards upon the particular tramway; that the tramway * * * *was in course of construction,* &c., defendant therefore contends that it was not negligent in allowing said loose boards to be and remain upon said trestle." The court submitted to the jury under fair instruction the question of the negligence of the defendant as alleged under the *circumstances in evidence,* with appropriate instructions as to assumed risk and contributory negligence, and it is clear that if any technical errors were committed in refusing requested charges no harm could reasonably have resulted to the defendant therefrom. It is not necessary to consider other charges refused, even if they were not assigned as error *en masse.* McCoggle v. State, 41 Fla. 525.

There was no error in refusing to direct a verdict for the defendant, since there is evidence to sustain a finding for the plaintiff. See Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435. The authority to direct a verdict should not be so exercised as to deny to any one the organic right to a jury trial. If a verdict is directed for one party when under the pleadings and evidence the jury may legally find for the opposing party, the right to

a jury trial secured by the Constitution may be thereby invaded. After verdict rendered the trial court may for good cause set it aside and grant a new trial in appropriate proceedings; but this judicial power and discretion to grant a new trial should not be confounded with the more limited authority to direct a verdict for one party only when a finding for the opposite party would be clearly wrong. Aberson v. A. C. L., decided this term.

Either party to an action at law for damages is entitled to have the issues of fact that are duly presented therein, examined by a jury under appropriate instructions from the court; and consequently a verdict should not be directed by the court, unless the evidence is of such legal probative force or insufficiency as to require a verdict for one of the parties and to make a verdict for the other party unlawful. Where the evidence would be sufficient in law to sustain a verdict found for one party, but the evidence does not *require* a verdict for such party and make a finding for the other party clearly wrong, the case should, under the organic right to a jury trial, be submitted to a duly constituted jury whose province it is to determine primarily the probative effect of the evidence in common law actions where there is room for a difference of opinion in regard thereto.

After a verdict, a new trial may be granted by the trial court, on the ground that the evidence is insufficient to support it, where it appears from the entire case that the verdict is against the manifest probative force of the evidence and the legal rights of the parties, thereby showing that the jury were not governed by the evidence or misapplied the law in making the finding. The plaintiff was directed to go upon an elevated trestle to remove coal that had dropped thereon and the boards on which he

had to walk were not fastened, the trestle not being completed.

Pleas of not guilty, of contributory negligence and of assumed risk were interposed and evidence thereunder was introduced. There is evidence tending to show that the plaintiff assumed the risk of the loose planks and that he directly contributed to his own injury. If the jury had so found, and the verdict sustained, there could be no recovery, as the common law has not been modified in this class of cases. See Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 362, 50 South. Rep. 680. But risks resulting from the master's acts of negligence are not assumed by the servant; and as there is substantial evidence to sustain a verdict for the plaintiff upon the theory that the defendant master was negligent in directing the plaintiff to go upon the elevated trestle where the unfastened boards had to be stepped on in performing the labor as directed, which labor was not aiding in constructing the trestle, and that no appreciable negligence of the plaintiff proximately contributed to the injury, it does not clearly appear that the verdict is contrary to the manifest probative force of the evidence and the legal rights of the parties or that the jury were not governed by the evidence in finding for the plaintiff, therefore the verdict approved by the trial court in denying the motion for new trial will not be disturbed by the appellate court. Chapter 6521, Acts of 1913, is not applicable to a coaling dock and yard company.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.