CHARLIE HOLLAND v. STATE.

176 So. 169.
Division B.
Opinion Filed September 29, 1937.

*Clyde R. Brown,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.—An information was filed February 5, 1937, by John H. Carter, Jr., State Attorney of the Circuit Court of Holmes County, Florida, charging plaintiff in error with the crime of arson and upon arraignment entered a plea of not guilty. During the same term of the Circuit Court of Holmes County the cause was tried by a jury. The prosecution offered a number of witnesses, while the defendant rested his case upon his sworn statement to the jury. After argument of counsel and the charge of the court upon the law of the case the jury rendered or filed its verdict of guilty. An order by the lower court was entered overruling or denying defendant's motion for a new trial. The lower court sentenced the defendant to serve a period of two years in the Florida State Prison. From this judgment of conviction, defendant below, who is plaintiff in error here, sued out writ of error from this Court and has assigned as error for reversal the order of the lower court overruling the motion for a new trial. This motion raises the legal sufficiency of the evidence to sustain the verdict of the jury.

The evidence shows the defendant was operating a beer saloon at the small town of Esto in Holmes County. The saloon had been in existence for about six months prior to the burning of the Church. Friction arose between defendant and the membership or some of the members of the Baptist Church of Esto about the sale of beer within the prohibited distance by law to a church or school. It was established that the defendant stated, "It would be easier to

move the damn church than his saloon." Some few minutes before the fire he got some matches and left his saloon and shortly thereafter the church was burning and some gasoline kept about his place was not to be found. The description of the fire as made by witnesses showed the use of gasoline or some other highly combustible material. The evidence is ample to sustain the finding of the jury. In the suit of Knight v. State, 60 Fla. 19, text page 21, 53 Sou. Rep. 541, this Court held:

"* * * There is evidence to support the verdict and as there is nothing in the record to indicate that the jury were not governed by the evidence, the verdict will not be set aside as being against the evidence. The credibility and weight of the testimony were determined by the jury. Caldwell and Larkins v. State, 50 Fla. 4, 39 South. Rep. 188; Clinton v. State, 58 Fla. 23, 50 South. Rep. 580."

Another ground of the motion for a new trial is the lower court erred in denying defendant's motion for a directed verdict at the close of the State's case. The motion is authorized by Section 4363 C. G. L., 2696 R. G. S. This statute was construed in the case of Gravette v. Turner, 77 Fla. 311, text pages 314-316, 81 Sou. Rep. 476, when the following language was used:

"In directing a verdict the court is governed practically by the same rules that are applicable in demurrer to evidence. 89 U. S. 116.

"A party in moving for a directed verdict admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435.

"When the facts are not in dispute, and the evidence, with all the inferences that a jury may lawfully deduce from

it, does not, as matter of law, have a tendency to establish the cause of action alleged, the judge may direct a verdict for the defendant. But the court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not primarily the views of the judge. In an action for negligence where there is any substantial testimony from which the jury could find the issues in favor of the plaintiff, a peremptory charge for the defendant should not be given. A case should not be taken from the jury by directing a verdict for the defendant on the evidence, unless the conclusion follows as a matter of law that no recovery can be lawfully had upon any view taken of facts that the evidence tends to establish. The credibility and probative force of conflicting testimony should not be determined on a motion for a directed verdict. The duty devolving upon the court in reference to directing a verdict on the evidence may become, in many cases, one of delicacy, and it should be cautiously exercised. Gunn v. City of Jacksonville, *supra;* Logan Coal & Supply Co. v. Hasty, 68 Fla. 539, 67 South. Rep. 72; Davis v. Drummond, 68 Fla. 471, 67 South. Rep. 99; Poore v. Starr Piano Co., 68 Fla. 425, 67 South. Rep. 99; King v. Coney-Eckstein Co., 66 Fla. 246, 63 South. Rep. 659; Hammond v. Jacksonville Electric Co., 66 Fla. 145, 63 South. Rep. 709; Starks v. Sawyer, 56 Fla. 596, 47 South. Rep. 513."

The second assignment of error has as its basis the refusal of the trial court to give special requested charges in behalf of defendant's counsel. An examination of the charge to jury by the court below shows that it correctly stated the law and is free from error and included plaintiff's in error requested instructions. This Court in passing upon this question in the case of Lewis v. State, 55 Fla. 54, text page 63, 45 South. Rep. 998, said:

"It is settled law in this Court that in passing upon a single instruction or charge it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, and authorities therein cited; Davis v. State, 54 Fla. 34, 44 South. Rep. 757; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761; Cross v. Aby, decided here at this term."

We have examined Brown v. State, 127 Fla. 225, 172 Sou. Rep. 921, emphasized by counsel for plaintiff in error, but it fails to throw light upon the case at bar. We hold that substantial justice was awarded in the lower court and the judgment entered below is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.