H. H. HASTINGS v. RUTH TAYLOR.

177 So. 621.
Division B.
Opinion Filed November 18, 1937.
Rehearing Denied January 6, 1938.

*Blanchard & Hoffman* and *Maguire & Voorhis,* for Plaintiff in Error;

*Ed. S. Whitson,* for Defendant in Error.

CHAPMAN, J.—This cause is here for review on writ of error to a judgment in the sum of $1,500.00 rendered by a jury in the Circuit Court of Pinellas County, Florida, in an action for the negligent operation of an automobile on East Drew Street of the City of Clearwater on the night of May

10, 1935. The car at the time of the collision, it was alleged, was operated by one Leo Geiger with the knowledge, permission and consent of the defendant, H. H. Hastings.

The defendant filed a plea of not guilty and a further plea of denial that the automoile at the time of the collision was operated with defendant's knowledge, permission or consent. The defendant at the conclusion of plaintiff's case, as well as the conclusion of taking of all the testimony, moved the court for a directed verdict in its behalf, but the same was by the lower court overruled and denied. The parties presented arguments to the jury and after being charged by the court upon the law of the case the jury rendered a verdict for plaintiff below. A motion for new trial was presented to the court and after due consideration the same, likewise, was overruled and denied.

Plaintiff in error, defendant below, seeks a reversal of the judgment appealed from on the adverse rulings on motion for: (a) directed verdict at conclusion of plaintiff's case; (b) directed verdict at conclusion of receipt of all the evidence; (c) denying motion of defendant for a new trial.

It is contended that the plaintiff below failed to meet the burden of proof sufficient to overcome the issue tendered by the second plea, viz.: "That the automobile was not operated with defendant's knowledge, permission or consent." Each of the three motions presented for consideration here challenge the sufficiency of plaintiff's evidence on this plea. The ownership of the car to be in the defendant was admitted by counsel as disclosed by the record, and this admission as a matter of law made a *prima facie* case for the plaintiff subject to a rebuttal or further explanation that the driver thereof, at the time of the collision, found in charge of the car was doing so with the

knowledge and consent of the defendant owner: See Dowling v. Nicholson, 101 Fla. 672, 135 Sou. Rep. 288.

Let us consider the record for the evidence to support the findings of the jury, as well as the adverse rulings to the defendant below on the three motions, *supra*. The constable and police officer going to the scene of the collision described the defendant's car as being on the wrong side of the street after the impact. They administered assistance to the occupants of plaintiff's car and found Leo Geiger, driver of the defendant's car, unconscious and while moving him to a car to be carried to a hospital he vomited and a strong odor of whiskey came therefrom, and Leo Geiger, while on the stand, admitted drinking a bottle of beer and a highball prior to the accident. He had an epileptic attack at the time of the collision and drove the car for a distance of a block or more on the wrong side of the street and directly into the car of plaintiff. That he had used the car of defendant before, associated with him when he would drive it, worked with him on the Crosely grove and had dinner at a road house with him shortly prior to the collision. The defendant told plaintiff sometime after the collision when talking about her injury, "He (Hastings) said that they had been in a party, had dinner or something down to the Pig & Pickle and that he (Geiger) had taken the car to carry a girl home." The court below in assigning reason for overruling defendant's motion for a directed verdict, said: "The fact that the man went home and went to sleep, the fact that he took the boy out of the hospital, that he went on his bond." It might be explained that the jury might believe it was just an act of kindness on Mr. Hastings' part, but on the other hand, they might take it that it was knowledge on his part that he was using his automobile with implied consent. That is a question for the

jury. Mr. Jones: "Your Honor, you have got to assume that the man lied without anything tò contradict it." The Court: "The jury might do that, I don't know. The jury can do that by circumstances. Sometimes the actions of a man speak louder than words." Ernest Andrews, a witness, called in rebuttal, stated that he had been acquainted with Leo Geiger and H. Hastings and knew their reputation in the community and that it was bad and from their reputations he would not believe either of them on oath. The driver of the car, Leo Geiger, stated that he had been treated by Dr. Mease for epilepsy and was treated after the collision and as to the driver having an attack at the time and plàce of the collision and not calling this physician to corroborate the statement was one of the items considered by the jury and court below.

The lower court had the witnesses before him, the parties, heard all the testimony, denied three motions based on the evidence and the findings of the jury on the evidence is sufficient to withstand the attacks here. This Court has said in the case of Gravette v. Turner, 77 Fla. 311, text pages 314-316, 81 Sou. Rep. 476:

"In directing a verdict the court is governed practically by the same rules that are applicable in demurrer to evidence. 89 U. S. 116.

"A party in moving for a directed verdict admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435. When the facts are not in dispute, and the evidence, with all the inferences that a jury may lawfully deduce from it, does not, as a matter of law, have a tendency to establish the cause of action alleged, the judge may direct a verdict

for the defendant. But the court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not primarily the views of the judge. In an action for negligence where there is any substantial testimony from which the jury could find the issues in favor of the plaintiff, a peremptory charge for the defendant should not be given. A case should not be taken from the jury by directing a verdict for the defendant on the evidence, unless the conclusion follows as a matter of law that no recovery can be lawfully had upon any view taken of facts that the evidence tends to establish. The credibility and probative force of conflicting testimony should not be determined on a motion for a directed verdict. The duty devolving upon the court in reference to directing a verdict on the evidence may become, in many cases, one of delicacy, and it should be cautiously exercised. Gunn v. City of Jacksonville, *supra;* Logan Coal & Supply Co. v. Hasty, 68 Fla. 539, 67 South. Rep. 72; Davis v. Drummond, 68 Fla. 471, 67 South. Rep. 99; Poore v. Starr Piano Co., 68 Fla. 425, 67 South. Rep. 99; King v. Cooney-Eckstein Co., 66 Fla. 246, 63 South. Rep. 659; Hammond v. Jacksonville Electric Co., 66 Fla. 145, 63 South. Rep. 709; Starks v. Sawyer, 56 Fla. 596, 47 South. Rep. 513."

See also Section 4363 C. G. L., 2696 R. G. S.:

"Upon the trial of all cases at law in the several courts

of this State, the judge presiding on such trial shall charge the jury only upon the law of the case; that is, upon some point or points of law arising in the trial of said cause. If, however, after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, or upon behalf of the State in any criminal case, it be apparent to the judge of the circuit court, criminal court, county court, or civil court of record that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff in such case, or a verdict against the defendant in any criminal case, the judge shall upon motion of the defendant direct the jury to find a verdict for the defendant; and if, after all the evidence of the parties shall have been submitted, it be apparent to the judge of the circuit court of record that no sufficient evidence has been submitted upon which the jury could legally find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party: Provided, that no verdict shall ever be directed for the State in criminal case. At the trial of any criminal prosecution or civil action or proceeding at law in the Courts of this State, the judge presiding shall charge the jury on the law of the case in the trial at the conclusion (of the) argument of counsel."

Considering the entire record we feel that substantial justice was awarded in the court below and accordingly the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.