## A. B. CHASTAIN v. STATE.

189 So. 49.
Opinion Filed December 16, 1937.

*Hugh L. McArthur,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.—On the 31st day of March, 1936, C. J Hardee, County Solicitor for the County of Hillsborough, filed in the Criminal Court of Record in and for Hillsborough county an information charging that A. B. Chastain, on the 3rd day of March, 1936, with force and arms did unlawfully assault one George E. Simpson and take from his custody $25,000.00, the property of the Columbia Bank. To this information the defendant on the 6th day of April, 1936, upon arraignment, filed a plea of not guilty and the cause set for trial, and after hearing all the evidence and the charge of the Court, arguments to the jury having been

waived by the attorneys of record, the jury on June 23, 1936, found the defendant guilty and the defendant was sentenced to the State Penitentiary of Florida for a period of twenty years. From this sentence of conviction writ of error was sued out, bill of exceptions settled and signed and the cause is here for review on assignments of error based largely on questions of fact.

The first assignment for disposition is that the lower court erred in overruling defendant's motion for a new trial, the grounds of which raised the sufficiency of the evidence, which included the identification of the defendant at the bank on the morning of March 3, 1936. George E. Simpson testified that he was Vice-President of the Columbia Bank at Ybor City and was at the bank around 11:00 o'clock when the officials of the bank were assaulted and several thousand dollars of property of the bank taken. The witness stated that he saw the defendant between 11:10 and 11:15, recognized him and knew him to be the identical person who held up the officers and took the money and property of the bank and that the defendant used a pistol in so doing. R. M. McKinney was Cashier of the Columbia Bank on March 3, 1936, when a pistol was thrown upon the employees and property taken from the bank, and the witness identified the defendant, A. B. Chastain, as one of the group. Some two or three days after the bank robbery, witness George E. Simpson identified the defendant as he appeared in a group of men arrested by the police force of the City of Tampa.

The defendant called a number of witnesses to show that he resided at the time of the robbery some few miles from the bank and in the suburbs of the City of Tampa. It was his defense that at the time of the robbery he was engaged in moving sand with a Model T Ford truck around his home, which was located near a filling station, and a

number of witnesses testified that they saw the defendant working on this particular day,—some of them having seen him at different hours on the 3rd day of March, 1936,—while members of his family stated that at the moment of the robbery he was engaged in the hauling of dirt about his premises. This statement was corroborated by a number of witnesses produced for the purpose of establishing an alibi for defendant.

The State, in rebuttal, showed by M. C. Beasley that he went to the Columbia Bank around 11:15 on March 3, 1936, and continued out on road No. 17 to a filling station owned by Mr. Quinn; that he reached the station around 11:30 or 11:40 and from this station could see the truck at or near the Chastain home and that the truck was standing still and no one was at home, and he remained at the filling station and observed the Chastain home from 11:30 or 11:40 until 7:00 or 8:00 o'clock on the night of March 3, 1936, and that the defendant did not haul any sand or dirt on or near his home on that date.

The consideration of all the evidence shows a sharp conflict on the part of the evidence of the witnesses for the State and defense and especially is this true as to the identity of the defendant. There is no uncertainty about the bank being robbed on the morning of March 3, 1936, and the employees of the bank identified the defendant as one of the group, and the province of a jury is to determine or settle conflicts in evidence. See: Gravette v. Turner, 77 Fla. 311, text pages 314-316, 81 Sou. Rep. 476:

"In directing a verdict the court is governed practically by the same rules that are applicable in demurrer to evidence. 89 U. S. 116.

"A party in moving for a directed verdict admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party

that a jury might fairly and reasonably infer from the evidence. Quinn v. City of Jacksonville, 67 Fla. 40, 63 South. Rep. 435.

"When the facts are not in dispute, and the evidence, with all the inferences that a jury may lawfully deduce from it, does not, as matter of law, have a tendency to establish the cause of action alleged, the judge may direct a verdict for the defendant. But the court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not primarily the views of the judge. In an action for negligence where there is any substantial testimony from which the jury could find the issues in favor of the plaintiff, a peremptory charge for the defendant should not be given. A case should not be taken from the jury by directing a verdict for the defendant on the evidence, unless the conclusion follows as a matter of law that the recovery can be lawfully had upon any view taken of facts that the evidence tends to establish. The credibility and probative force of conflicting testimony should not be determined on a motion for a directed verdict. The duty devolving upon the court in reference to directing a verdict on the evidence may become, in many cases, one of delicacy, and it should be cautiously exercised. Gunn v. City of Jacksonville, *supra;* Logan Coal & Supply Co. v. Hasty, 68 Fla. 539, 67 South. Rep. 72; Davis v. Drummond, 68 Fla. 471, 67 South. Rep. 99; Poore v. Starr

Piano Co., 68 Fla. 425, 67 South. Rep. 99; King v. Cooney-Eckstein Co., 66 Fla. 246, 63 South Rep. 659; Hammon v Jacksonville Electric Co., 66 Fla. 145, 63 South. Rep. 709; Starks v. Sawyer, 56 Fla. 596, 47 South. Rep. 513."

There is sufficient evidence as to identification, the fact that the bank was robbed, and disinterested testimony in the record to show that at the exact hour of the robbery the defendant was not at his home engaged in hauling sand as testified to by a number of witnesses. The conflicts in the evidence on material points are rather sharp, but under the laws of Florida such conflicts are disputes in evidence and are to be considered and settled by the jury. In the case of Knight v. State, 60 Fla. 19, text p. 21, 53 Sou. Rep. 541, this Court said:

"There is evidence to support the verdict and as there is nothing in the record to indicate that the jury were not governed by the evidence, the verdict will not be set aside as being against the evidence. The credibility and weight of the testimony were determined by the jury. Caldwell and Larkins v. State, 50 Fla. 4, 39 South. Rep. 188; Clinton v. State, 58 Fla. 23, 50 South. Rep. 580."

It appears that substantial justice was awarded in the Court below and for this reason the judgment appealed from is affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS, C. J., and BROWN, J., dissent.

BROWN, J., (dissenting)—The evidence in this case raises such a serious doubt of the guilt of the defendant that I think that in the interest of justice this defendant, plaintiff in error here, should have a new trial. In the excitement of the moment, the opportunity of the bank cashier to plainly see the man (whom he testified was one of the four who held up the bank) and subsequently

identify him, was so very limited that it rendered the coirectness of his subsequent identification very doubtful, whereas the testimony of a number of witnesses showed that at the time of the bank robbery the defendant was at work on his little place in the country some considerable distance from the scene of the robbery. I think this case should be reversed on the authority of Heath v. State, 120 So. 846, 97 Fla. 339; Clark v. State, 124 So. 446, 98 Fla. 874, and Mathis v. State, 163 So. 479, 121 Fla. 232.

ELLIS, C. J., concurs.