SMITH, JAMES T., Associate Judge.
These are timely appeals in consolidated cases from a Summary Judgment by the trial court in favor of the defendant corporation. The plaintiffs were the wife and administratrix of the decedent and sought damages for the death of her husband allegedly caused by the negligence of the defendants.
The case arose out of an automobile accident in which the decedent ran his automobile into a truck which had been parked upon a highway or street by the driver, defendant, Jones, who was an employee of the defendant corporation. At the time of the accident the corporation was selling the truck to Jones under a retained title contract and Jones had leased the vehicle back to the corporation under the terms of a written lease, the pertinent parts of which are as follows:
“6. Lessor shall personally drive the motor vehicle when in the service of the Lessee, its sub-lessees or other service authorized by the Lessee, or be present on the motor vehicle when a competent relief driver is driving (except that a competent substitute may be employed by the Lessor with the approval of the Lessee) ; and shall use the motor vehicle exclusively in the service of the Lessee, except as the Lessor obtains the written *228 consent of the Lessee to perform services for others.
******
“9. The Lessor agrees that when the vehicle is not in use the same will be parked and kept at the Lessee’s terminal.”
The defendant Jones had loaded the truck with cement during working hours and was to make a delivery at a time specified by the corporation, and, pending the start of such delivery, had parked the truck at the corporation’s terminal in accordance with Paragraph 9 of the lease. Sometime later in the evening, he, with others, took his own personal truck, and while on his own personal mission stalled his truck on the side of the road in a ditch. Being unable to extricate the truck by his own efforts he then went to the corporation’s terminal, picked up the leased truck, drove it to the place where his own truck was stalled and placed it in a position so as to assist him in getting his own truck out of the ditch. While the corporation’s truck was thus parked on the highway or street and during or shortly after the time in which the defendant Jones was endeavoring to extricate his own truck from the ditch, the decedent’s automobile ran into the leased truck and decedent was killed.
Jones, on deposition, stated that it was against company rules for drivers to use company equipment, that the rule was not enforced, and that he personally observed the rule.
Jones further admitted in his deposition that under the lease agreement he was to use the truck only in the Commercial Carrier Corporation’s business and at the time of the accident he was not using the tractor truck in the business of the Commercial Carrier Corporation, and that hi's use of the tractor at this time and under these circumstances was in violation of the lease agreement; that he had no permission from the Commercial Carrier Corporation to use the tractor trailer on the night of the accident. The trial judge, on motion of the defendant, Commercial Carrier Corporation, granted a summary judgment for the corporation and the plaintiffs appealed. With this decision we agree.
Defendant, Commercial Carrier Corporation, in the court below, and in this court, relied on two Florida cases in support of his motion for summary judgment. The first of these cases, Johnson v. Mills[1] seems factually almost directly in point. In the Johnson case, supra, a small truck, which an employee was using with the employer’s permission while off duty, became stuck in the sand, and the employee, without employer’s knowledge or consent, obtained from employer’s premises a larger truck, which the employee drove in the course of his work, to push the small truck out of the sand. While enroute the injury occurred. The employee had no key to the large truck, but it was not locked as it had a compression diesel engine which required no switch key.
There, as here, the employee had gotten into difficulty with the motor vehicle he was using for his own purposes, which was in no way connected with the business of his employer; there, as here, the small vehicle used by the employee became stuck and apparently the employee was unable to bring his small truck back upon the road without the assistance of a larger vehicle; there, as here, the employee, without the knowledge and consent of his employer, obtained from the employer’s premises a large truck, and using this large truck to extricate his small truck from its difficulty, an accident occurred.
In Johnson v. Mills, supra, the trial court directed a verdict for the defendant which was affirmed by the Supreme Court of Florida. In its affirmance the Court stated as follows:
“(2) Appellant relies upon the case of Hastings v. Taylor, 130 Fla. 249, 177 So. 621, holding that proof of ownership *229 of the vehicle is prima facie evidence that the driver is the agent and servant of the owner, or was using same with thé owner’s consent. This case does not rule the case at bar. The presumption is a rebuttable one. In the case at bar, we are not left to an inference or presumption. The uncontradicted evidence shows that McDaniel was operating the truck which caused the injury without the owner’s consent and that he, in no way, was acting as an agent or servant of appellee when the injury occurred. When this evidence was presented the presumption vanished from the case.” f'
The plaintiff-appellant also most vigorously contends that the inference could be made from the testimony of Jones that it was unnecessary for him to obtain the permission of the corporation to use the truck, and that this right to use the truck on his own business, or for his own use, might be implied, because the company was only interested in his delivering the load at its destination, and at a specified time, and that he could leave ten hours before or at any time he chose, as long as the load was delivered at its destination at that certain time. In other words, appellant contends that Jones’ right to use the truck in accordance with his own judgment impliedly gave him the authority to use the big truck for his own purposes, and that whether it did, or did not, was a jury 'question, and should not have been decided by the circuit court upon a motion for summary judgment. In support of this proposition appellant relies on the case of Posey v. Pensacola Tractor & Equipment Company, Inc.,[2] where we find as follows:
“It is elemental that the movant at all times carries the burden of clearly and unequivocally establishing the right to summary judgment, and that it cannot be granted if there exists any controverted issue of material fact or if the proofs supporting the motion fail to overcome every theory upon which, under the pleadings, the adversary’s position might be sustained.”
With this position of appellant we thoroughly agree; nevertheless the trial courts in such cases have retained the power, the exercise of which is subject to appellate review, to direct a verdict for the defendant where the trial evidence is legally insufficient to suport a verdict for the plaintiff.[3] We agree with the trial court’s determination that in the case at bar the evidence of truck driver Jones, in any view which the jury might reasonably take, was so legally insufficient that it was not proper to submit same to a jury and that the learned trial judge was eminently correct in granting the defendant Commercial Carrier Corporation’s motion for a summary judgment.
For the foregoing reasons the final judgments appealed from herein should be, and same are hereby affirmed.
SHANNON, Acting C. J., concurs.
PIERCE, J., dissents with opinion.

. Fla.1948, 37 So.2d 906.

. Fla.App.1962, 138 So.2d 777.

. Sims v. Apperson Chemicals, Inc., etc., and Johnson; First District, January Term 1966, Opinion filed April 14, 1966, 185 So.2d 179.